1  PAUL T. FRIEDMAN (CA SBN 98381)
   PFriedman@mofo.com
2  ANNEMARIE C. O'SHEA (CA SBN 157988)
   AOShea@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Defendant
   UNITED PARCEL SERVICE, INC.

7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 HEROES CLUB, INC.,                    Case No.

12              Plaintiff,               **DEFENDANT UNITED PARCEL
                                         SERVICE, INC.'S NOTICE OF
13         v.                            REMOVAL**

14 UNITED PARCEL SERVICE, INC., and
   DOES 1-50,
15
                Defendants.
16

17

18      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

19 NORTHERN DISTRICT OF CALIFORNIA:

20      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, defendant United Parcel

21 Service, Inc. ("UPS") hereby removes to this Court the state action described below, which is

22 within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332,

23 1446, and 1453.

24      PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), copies of this

25 Notice of Removal are being served upon counsel for Plaintiff Heroes Club, Inc. and filed with

26 the Clerk of the California Superior Court for the County of San Francisco as an exhibit to a

27 Notice to State Court of Removal to Federal Court. A copy of the Notice being filed in state court

28 is attached hereto (without exhibits) as Exhibit A.

DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL                                    1

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On July 27, 2007, plaintiff Heroes Club, Inc. filed a purported class action against UPS in the San Francisco Superior Court an action entitled *Heroes Club, Inc. v. United Parcel Service, Inc.*, No. CGC-07-465547. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and complaint filed by Plaintiff is attached to this Notice as Exhibit B.

2. The Defendant was served with the Summons and Complaint on July 30, 2007. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

3. The Superior Court for the County of San Francisco is located within the Northern District of California. 28 U.S.C. § 84(c)(2). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

4. This action is a putative class action by a UPS customer — for itself and on behalf of a purported class of California business entities — against UPS, an intermodal motor/air interstate carrier, for allegedly billing and collecting a fee to provide a service involving obtaining a signature on delivery of packages, but failing to obtain a signature approximately 50% of the time. This action is within the original jurisdiction of this Court, and removal is therefore proper, under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

## ALLEGATIONS OF THE COMPLAINT

5. The Complaint alleges that UPS is "engaged in the business of providing shipping and related services to business and individuals in California and elsewhere," and that during the four years prior to the filing of the Complaint, Plaintiff maintained an account with UPS and routinely used UPS to ship packages. (Compl. ¶¶ 3, 14-15.) The Complaint alleges that UPS provides a service for an additional fee "of providing delivery confirmation with the signature of the person to whom a package is delivered," and that Plaintiff had "arranged with UPS to ship several hundred packages to customers with instructions to obtain the signature of the addressee as a condition of delivery of the package." (*Id.* ¶ 17.) According to the Complaint, UPS charged and collected an additional fee for the service but failed to obtain a signature "approximately 50% of the time," and failed to refund the fee. (*Id.* ¶ 18.)

6. Plaintiff seeks to represent a putative class comprised of "all business entities in California" that since July 2003, "paid UPS a separate fee for obtaining the signature of the person to whom the package is delivered." (*Id.* ¶ 7.)

7. On behalf of Plaintiff and the putative class, the Complaint attempts to state claims for: (1) "Common Law and Statutory Fraud;" (2) "Negligent Misrepresentation;" (3) "Breach of Contract;" (4) "Violation of Business and Professions Code § 17200, et seq.;" and (5) "Violation of California Business and Professions Code § 17500 et seq." The Complaint seeks, *inter alia*, compensatory damages, punitive damages, injunctive relief, declaratory relief, restitution, attorney's fees, and costs. (Compl. at pp. 14-15.)

## BASIS FOR REMOVAL

8. This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions such as this one, in which the matter in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. Additionally, 28 U.S.C. § 1453(b) permits removal of a class action from a state court to a district court without regard to whether any defendant is a citizen of the State in which the action is brought. As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA:

9. <u>Covered Class Action</u>. This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Plaintiff purports to bring this action as a class action, pursuant to California Code Civil Procedure section 382. Plaintiff purports to bring this action on behalf of "[a]ll business entities in California that used UPS to ship packages during the period commencing four (4) years prior to the filing of this action and that during that period, paid UPS a separate fee for obtaining the signature of the person to whom the package is delivered." (Compl. ¶ 7.)

10. <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28

U.S.C. § 1332(d)(2)(A). Plaintiff, Heroes Club, Inc., is a citizen of California, where it is incorporated and has its principal place of business. (Compl. ¶ 1.) Plaintiff's Complaint fails to specify which of the three "United Parcel Service, Inc." corporate entities Plaintiff purports to sue — United Parcel Service, Inc.-Delaware, United Parcel Service, Inc.-Ohio, or United Parcel Service, Inc.-New York. Regardless of which UPS corporate entity Plaintiff purports to sue, however, removal is proper. Each of these entities is a citizen of its state of incorporation (respectively, Delaware, Ohio, and New York), and also of Georgia, where each entity maintains its principal place of business; none are citizens of California. Accordingly, a member of a purported class is a citizen of a State different from a defendant, thus satisfying the diversity requirements of 28 U.S.C. § 1332(d)(2)(A), regardless of which United Parcel Service, Inc. entity Plaintiff purports to sue.

11. <u>Matter in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Without conceding any merit to the Complaint's allegations or causes of action, the matter in controversy in this action satisfies this jurisdictional threshold.

12. <u>Matter in Controversy — Alleged Damages</u>. Plaintiff alleges that UPS improperly charged a fee for obtaining a signature of the recipient of a package on delivery, but failed to obtain a signature for many such deliveries. Specifically, Plaintiff alleges that during the relevant period, it shipped several hundred packages for which it requested that UPS obtain a signature on delivery, but that UPS failed to obtain a signature for approximately half those deliveries. Plaintiff alleges that the fee was approximately $2.50 per package depending on the time period. (Compl. ¶ 17.) The Complaint alleges that Plaintiff and the purported class are entitled to damages based on claims for, *inter alia*, common law and statutory fraud, negligent misrepresentation, breach of contract, and violations of California Business and Professions Code. According to the Complaint, Plaintiff's and the purported class's damages include, but are not limited to "the amounts paid by them for the service which was not provided by UPS[.]" (*See generally,* Compl ¶¶ 32, 36, 45, 52, 63.) Pursuant to its claims under California Business &

DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL          4

Professions Code § 17200 and §17500, et seq., Plaintiff also seeks restitution of sums paid. (Compl. ¶ 52, 63.) Plaintiff also alleges that UPS engaged in false advertising to the "public in California," in which it represented "that it will provide confirmation of delivery of a package shipped by it, with the signature of the recipient, for an additional fee," (Compl. ¶ 56), and that UPS used such advertising to induce the public to open UPS accounts and use its services, including its delivery confirmation service. (Compl. ¶ 56-57.) Based on this, Plaintiff alleges that it and the putative class, defined as "business entities in California," are entitled to damages in the amount of "all sums acquired by [UPS] by means of the false and misleading advertisements," since July 2003. (Compl. ¶ 63.) Based on these allegations, the value of the requested relief clearly places the total amount in controversy in excess of $5,000,000 for purposes of removal.

13. Based on UPS business records, including database repositories that UPS regularly relies upon in conducting its business, UPS has 319,725 business or professional accounts that have a California address of record. (Declaration of Donald W. Van Buren, Sr. In Support of Notice of Removal, dated August 27, 2007 ("Van Buren Decl.") (attached as Exhibit C) ¶ 3.) For the period from August 2003 to present, those California business and professional accounts requested UPS's delivery confirmation signature service in connection with 29,358,523 packages, and were billed a total of $42,278,585 for such services (above and beyond the transportation charges for such packages). (Van Buren Decl. ¶¶ 4, 5.) If, as Plaintiff alleges, UPS "failed to acquire a signature approximately 50% of the time" (*see* Compl. ¶¶ 18, 51, 62), then *Plaintiff's alleged damages claim alone puts more than $21 million in controversy* — well more than the $5 million threshold required for federal jurisdiction.

14. <u>Matter in Controversy — Injunctive Relief</u>. The complaint seeks injunctive relief to prevent UPS from engaging in the conduct alleged in the Complaint. (*See* Compl. ¶¶ 53, 64-69 and p. 15, ¶6.) The value of the requested injunction to UPS or the putative class should be considered in evaluating the amount in controversy.

15. <u>Matter in Controversy — Punitive Damages</u>. The Complaint also seeks punitive damages, pursuant to Plaintiff's claims for common law and statutory fraud. (Compl. ¶ 33, p.15.) Punitive damages also are considered part of the amount in controversy. *See Gibson v. Chrysler*

1  *Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-CV-
2  2573, 2007 U.S. Dist. LEXIS 33746, *5-6 (E.D. Cal. May 8, 2007) (including punitive damages
3  for amount in controversy under CAFA). UPS believes that no damages, compensatory or
4  punitive, should or will be awarded in this case. For purposes of this amount in controversy
5  requirement, claimed punitive damages may be considered. If Plaintiff were able to certify a
6  class, establish liability, and prove damages of $21 million under its theory of the case (*see* ¶ 12,
7  above), a punitive damage range of 1:1 to 9:1 ratio could be sought by Plaintiff. *See State Farm*
8  *Mutual Auto. Ins. v. Campbell*, 538 U.S. 408, 425 (2003) (declining to impose a bright-line ratio
9  which punitive damage awards cannot exceed, but holding "[o]ur jurisprudence and the principles
10 it has now established demonstrate, however, that in practice, few awards exceeding a single-digit
11 ration between punitive and compensatory damages, to a significant degree, will satisfy due
12 process."). That would be considered as part of the amount in controversy for jurisdiction
13 purposes. *See Alexander v. FedEx Ground Package Sys.*, No. C-05-0038 MHP, 2005 U.S. Dist.
14 LEXIS 5129, *15 (N.D. Cal. Mar. 24, 2005) (punitive damages estimated range of 2:1 to 10:1
15 ratio of compensatory damages considered for assessing amount in controversy on removal).

16      16.    <u>Matter in Controversy — Attorneys' Fees</u>. Plaintiff also seeks an award of
17 attorneys' fees on its purported claims under California Business and Professions Code Sections
18 17200 *et seq.*, and Section 17500 *et seq.*, pursuant to California Code of Civil Procedure § 1021.5.
19 *See Sanchez*, 2007 U.S. Dist. LEXIS 33746, at *6 ("[a]ttorney' fees, if authorized by statute or
20 contract, are also part of the calculation"). In class actions alleging violations of section 17200
21 and seeking fees under section 1021.5, California federal and state courts have approved
22 attorneys' fee awards in amounts of $2 million to $3 million. *See, e.g., Beasley v. Wells Fargo*
23 *Bank*, 235 Cal. App. 3d 1407 (1991) (awarding fees of $1.9 million in case involving credit card
24 fees); *Genzale v. Zensi's Beauty College*, No. 930702, 1997 WL 875016 (Cal. Super. Feb. 8,
25 2002), 9 Trials Digest 6th 2 (awarding fees of $2.1 million); *Benson v. Kwikset Corp.*, 152 Cal.
26 App. 4th 1254, 1276 (2007) (affirming award of fees of nearly $3 million)). Similarly, courts in
27 California have approved settlements including fees of class actions alleging violations of section
28 17200, similar to plaintiff's allegations here, in amounts ranging from $200,000 to $14.5 million.

DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL                                    6

*See, e.g., Health and Sport LLC v. Symantec Corp.*, No. 1-04-CV-015205, Mealey's Jury Verdicts & Settlement 254 (Cal. Super. Ct. July 18, 2006) (settlement including fees of $210,000 in class action alleging violation of unfair competition statutes, breach of warranty related to performance of software); *Bloussant Cases*, JCCP No. 4336, 2006 Mealey's Jury Verdicts & Settlements 734 (Cal. Super. Ct. June 22, 2006) (settlement including fees of $575,000 in class action alleging violation of unfair competition statutes related to sale of herbal supplements); *Great Escape Promotion Cases*, JCCP No. 4343, 2006 Mealey's Jury Verdicts & Settlements 998 (Cal. Super. Ct. Aug. 30, 2006) (settlement including fees of $4.4 million in class action alleging violation of unfair competition statutes, breach of contract related to travel promotion); *Wilner v. Sunset Life Ins. Co.*, 2002 WL 32079862, 9 Trials Digest 6th 2 (Cal. Super. Ct. Feb. 28, 2002) (settlement including fees of $14.5 million in class action alleging violation of unfair competition statutes, fraud related to sale of life insurance). This amount also should be included in connection with the amount in controversy.

17. <u>No CAFA Exclusions</u>. The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d). UPS is not a citizen of California, the state in which the action was filed, and no other exclusion applies.

## CONCLUSION

18. For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1453. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendant United Parcel Service, Inc. gives notice that the above-described action pending against it in the Superior Court for the County of San Francisco is removed to this Court.

Dated: August 27, 2007

PAUL T. FRIEDMAN
ANNEMARIE C. O'SHEA
MORRISON & FOERSTER LLP

By: /s/ Paul T. Friedman
Paul T. Friedman

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

sf-2371208

DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL                                    8