# EXHIBIT  B

# SUMMONS
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):*
UNITED PARCEL SERVICE, INC. and Does 1-50 inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDATE)*
HEROES CLUB, INC., a California Corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: *(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102-4514

CASE NUMBER *(Número del Caso):* CGC-07-465547

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James C. Sturdevant (SBN 94551)
Mark T. Johnson (SBN 76904)
THE STURDEVANT LAW FIRM
475 Sansome Street, Ste. 1750
San Francisco, CA 9411 Telephone: (415) 477-2410

DATE: *(Fecha)* JUL 27 2007 Gordon Park-Li Clerk, by *(Secretario)* Jun Panelo, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: United Parcel Service, Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*: July 30, 2007

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
SF-C53

COPY

ENDORSED
FILED
San Francisco County Superior Court

JUL 27 2007

GORDON PARK-LI, Clerk
BY: JUN P. PANELO
Deputy Clerk

JAMES C. STURDEVANT (SBN 94551)
MARK T. JOHNSON (SBN 76904)
ALEXUIS MARKWALDER (SBN 227004)
THE STURDEVANT LAW FIRM
A Professional Corporation
475 Sansome Street, Suite 1750
San Francisco, CA 94111
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

RANDALL P. CHOY (SBN 83194)
Hedani, Choy, Spalding & Salvagione, LLP
595 Market Street, Ste. 1100
San Francisco, CA 94105
Telephone: (415) 778-0800
Facsimile: (415) 778-0700

Attorneys for Plaintiff

CASE MANAGEMENT CONFERENCE SET

DEC 28 2007 -9:00 AM

DEPARTMENT 212

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**UNLIMITED JURISDICTION**

**COUNTY OF SAN FRANCISCO**

HEROES CLUB, INC., a California Corporation,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC., and DOES 1-50,

Defendants.

CASE NO. CGC-07-465547

**CLASS ACTION**

**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE AND DECLARATORY RELIEF FOR FRAUD; NEGLIGENT MISREPRESENTATION; BREACH OF CONTRACT; VIOLATIONS OF THE UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200 *et seq.*; and VIOLATION OF THE FALSE ADVERTISING ACT, BUSINESS AND PROFESSIONS CODE § 17500 *et seq.***

## INTRODUCTION

Plaintiff Heroes Club, Inc. ("Heroes Club") brings this proposed class action on behalf of itself and similarly situated businesses in California to challenge a widespread, fraudulent and unfair business practice engaged in by defendant United Parcel Service, Inc. ("UPS") in connection with the shipping of packages for members of the proposed class. Specifically, Defendant advertises and offers to class members an "Additional Service" known as "Delivery Confirmation/Signature Required" whereby UPS will obtain, as a condition of delivery and at an additional cost, the signature of the person to whom an item is shipped. This service, when actually implemented, provides businesses with the ability to establish the actual receipt of merchandise by the intended recipient and protects retailers from fraud and losses associated with stolen packages left at the premises. Although UPS charges class members an additional fee for each package for which delivery confirmation with a signature is required, it has no effective system in place for assuring that signatures are actually obtained, has no intent to actually provide the service on a consistent basis, and routinely delivers packages for which signatures are required by leaving the package at the shipping address without obtaining a signature. In such circumstances, Defendant offers no refund or credit to class members and retains the full amount charged as profit, despite the fact the that it has not provided the specific service for which such amount is paid.

Plaintiff seeks damages for fraud, negligent misrepresentation, and breach of contract. In addition, Plaintiff seeks restitution and declaratory and injunctive relief pursuant to California Business and Professions Codes sections 17200 and 17500.

## PARTIES

1. Plaintiff Heroes Club, Inc. is California corporation located in and doing business in San Francisco, California. It is a sole proprietorship engaged in the retail business of selling hero-themed figurines, toys, and other items for the collector and hobbyist. The principal and sole proprietor of Heroes Club is Robin Kwok.

2. The class of similarly situated persons that Plaintiff seeks to represent (hereafter the "Plaintiff Class") is comprised of all business entities in California that have used UPS to

ship packages and that have paid UPS a separate fee for obtaining the signature of the addressee to confirm delivery of packages.

3. Defendant United Parcel Service, Inc. is a corporation doing business in California. At all material times, Defendant UPS was and is engaged in the business of providing shipping and related services to businesses and individuals in California and elsewhere.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-50, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes that each of the fictitiously named Defendants, including any such Defendants that may be the agents, representatives, or parent or subsidiary corporations of the named Defendant, is responsible in some manner for the occurrences, events, transactions, and injuries alleged herein, and that Plaintiff's injuries as hereinafter set forth were proximately caused by said Defendants. Plaintiff will amend this complaint to state the true names and capacities of said Doe Defendants when ascertained.

5. Plaintiff is informed and believes and thereon alleges that each of the Defendants, including the Doe Defendants, agreed or acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of the injury to Plaintiff and the class as alleged herein.

6. At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## CLASS ACTION ALLEGATIONS

7. Pursuant to California Code of Civil Procedure section 382, Plaintiff brings this action on behalf of itself and all other businesses similarly situated. The class that Plaintiff represents is comprised of the following:

> All business entities in California that used UPS to ship packages during the period commencing four (4) years prior to the filing of this action and that, during that period, paid UPS a separate fee for obtaining the signature of the person to whom the package is delivered.

8. Plaintiff is unable to state the precise number of potential members of the Plaintiff Class because that information is in the possession of UPS. Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class exceeds several hundred business customers of UPS in California and is therefore so numerous that joinder of all members would be impracticable. The exact size of the Plaintiff Class, and the identity of the members thereof, are readily ascertainable from the business records of UPS.

9. Questions of law and fact common to the Plaintiff Class exist that predominate over questions affecting only individual members, include, *inter alia*, the following:

(a) Whether UPS regularly represented to Plaintiff and members of the Plaintiff Class that it will provide proof of delivery of packages by obtaining, for an additional charge, the signatures of recipients;

(b) Whether such representations were false;

(c) Whether UPS made the alleged representations intentionally, with actual or constructive knowledge that it had established no system for assuring that recipient signatures were obtained and that its employees would not consistently obtain the signatures of recipients when requested to do so by Plaintiff and members of the Plaintiff Class;

(d) Whether UPS made the alleged misrepresentations negligently, with no reasonable basis for believing that signatures would consistently be obtained when requested;

(e) Whether the conduct alleged herein constitutes a breach by UPS of its agreement with Plaintiff and members of the Plaintiff Class to obtain and provide signatures when requested;

(f) Whether the actions and representations of UPS described herein violate the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*;

(g) Whether the actions and representations of UPS described herein violate the False Advertising Act, Cal. Bus. & Prof. Code § 17500 *et seq.*;

(e) Whether Plaintiff and other members of the Plaintiff Class suffered financially by reason of the unlawful, unfair, and/or fraudulent conduct of UPS and the class-wide measure of restitution;

(f) Whether Plaintiff and other members of the Plaintiff Class are entitled to injunctive relief, restitution, disgorgement, and/or other equitable relief as a remedy for Defendant's unlawful business practices.

10. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Class as described above, the claims arise from the same course of conduct by UPS, and the relief sought is common.

11. The named Plaintiff herein has no interests adverse to those of the Plaintiff Class and will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff has retained counsel competent and experienced in class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, because the economic injuries suffered by the individual class members may be relatively modest, compared to the expense and burden of individual litigation, it would be impracticable for most Plaintiff Class members to seek redress individually for the wrongful conduct alleged herein. There will be no real difficulty in the management of this litigation as a class action.

**GENERAL FACTUAL ALLEGATIONS**

13. Plaintiff Heroes Club is and has been engaged in the business of selling hero themed figurines, toys and other merchandise to hobbyists and other consumers. A significant portion of its business is conducted through mail order transactions by means of telephone or Internet placed orders.

14. At all times herein mentioned, Defendant UPS was in the business of providing shipping services to businesses in California, including but not limited to the service, for an additional fee, of providing delivery confirmation with the signature of the person to whom a package is delivered.

15. During the period of time commencing four years prior to the filing of this action Heroes Club maintained an account with Defendant UPS whereby Plaintiff routinely used UPS to ship merchandise to Plaintiff's customers. Defendant UPS provided Plaintiff with a UPS Shipping Record book containing shipping orders, known as "Shipping Records" to be used for

each package to be shipped.

16. Each Shipping Record provided by Defendant to Plaintiff and members of the class includes a space to indicate that the signature of the recipient is required for delivery of the package. For each package shipped with such an instruction, UPS has charged and continues to charge an additional fee over and above the cost of shipping. The amount of the fee has increased over time during the class period and, on information and belief, is currently in the range of $2.50.

17. Within the time period relevant to this action, Plaintiff Heroes Club arranged with UPS to ship several hundred packages to customers with instructions to obtain the signature of the addressee as a condition of delivery of the package. For each such package UPS charged and collected from Plaintiff an additional fee of approximately $2.50, depending on the time period during which the item was shipped.

18. Of the packages which UPS agreed to ship for Plaintiff with instructions to acquire the signature of the addressee at the time of delivery, UPS failed to acquire a signature approximately 50% of the time. Plaintiff is informed and believes, and on that basis alleges, that UPS delivered the package in those cases by leaving it at the addressee's premises, without obtaining a signature.

19. Despite its failure to obtain the signature of addressees as required by Plaintiff's instructions and the agreement of the parties, Defendant UPS charged and collected from Plaintiff the additional fee for each package that was delivered without a signature, and has retained that fee.

20. Plaintiff is informed and believes, and on that basis alleges, that Defendant UPS failed to establish any system or procedure for assuring that addressee signatures would be obtained in connection with the delivery of packages for which confirmation signatures were required, and that Defendant knew or should have known that large numbers of packages would be delivered without signatures despite instructions that signatures be obtained and despite the fact that fees were charged for the service of acquiring confirmation signatures.

21. Plaintiff is further informed and believes, and on that basis alleges, that Defendant

UPS has failed to acquire signatures for packages delivered for class members generally at the same rate as for Plaintiff's packages, despite the fact that such signatures were required by the agreement of the parties and the instructions provided by class members, and despite the fact that UPS charged class members for the service of acquiring addressee signatures for such packages.

22. Plaintiff and members of the Plaintiff Class suffered injury in fact and lost money as a direct result of the unlawful, unfair, and fraudulent practices and conduct of UPS alleged herein in that they paid fees for a service that was not provided, namely the acquisition of the signature of recipients to whom packages were shipped by UPS. Defendant took this money from Plaintiff and other members of the Plaintiff Class as a result of the alleged conduct and have failed and refused to restore such funds to plaintiff and members of the Plaintiff Class.

**FIRST CAUSE OF ACTION - COMMON LAW AND STATUTORY FRAUD**
**(For Compensatory and Punitive Damages on Behalf of Plaintiff and the Plaintiff Class)**

23. Plaintiff realleges and incorporates herein by reference the allegations set forth in each of the preceding paragraphs.

24. At all times herein mentioned, UPS promised and represented to members of the Plaintiff Class, through its literature, order forms, instructions and other written materials, that, upon payment of an additional fee, specified by UPS, it would acquire the signature of the recipient of a package in connection with its delivery.

25. At all times during which UPS made the foregoing promises and representations to members of the proposed class, it knew that such promises and representations were false. UPS knew that it had no system in place for assuring that signatures would be acquired for packages that were to be delivered only upon acquiring the recipient's signature. It also knew that its employees routinely left and would leave packages unattended at the addresses to which they were shipped without acquiring a signature, despite the fact that members of the proposed class had requested that the packages not be delivered without acquiring a signature and despite the fact that proposed class members had paid UPS for the service of obtaining a signature from the recipient of the package.

26. UPS deliberately failed to disclose to Plaintiff and class members that it had no

system in place for assuring that signatures would be acquired for packages that were to be delivered only upon acquiring the recipient's signature. UPS further failed to disclose to Plaintiff and members of the Plaintiff Class that its employees routinely left and would leave packages at the addresses to which they were shipped without acquiring a signature from the recipient. UPS had a duty to disclose such fact to class members but intentionally failed to do so.

27. UPS's representations and omissions were untrue in that at all times material herein UPS had no intention of consistently obtaining delivery confirmation signatures when requested and had no system in place for doing so.

28. UPS made the representations and omissions alleged herein with the intention of inducing the public, including but not limited to Plaintiff and members of the Plaintiff Class, to pay extra sums for the service of having packages delivered to a person who signed for the package rather than having them left at the address to which they were to be shipped without a signature.

29. Plaintiff and members of the Plaintiff Class were aware of UPS's representations alleged herein and relied on them and the alleged omissions in paying extra for the service of personal delivery of their packages and acquiring the recipient's signature for delivery.

30. At the time UPS made the representations herein alleged, UPS knew that the representations were false. UPS made the representations herein alleged with the intention of depriving Plaintiff of property or legal rights, including the sums of money paid by Plaintiff and the Plaintiff Class to UPS for the service of obtaining the signature of persons to whom packages were delivered. This conduct of UPS was fraudulent.

31. Defendant's conduct alleged herein constituted deceit within the meaning of California Civil Code sections 1709 and 1710.

32. As a proximate result of UPS's intentional misrepresentations, Plaintiff and members of the Plaintiff Class were damaged in an amount to be proven at trial, including but not limited to the amounts paid by them for the service which was not provided by UPS.

33. The wrongful conduct of UPS, as herein alleged, was intentional and was done with malicious, oppressive, or fraudulent intent. Plaintiff and members of the Plaintiff Class are

therefore entitled to recover punitive damages.

**SECOND CAUSE OF ACTION - NEGLIGENT MISREPRESENTATION**
**(For Damages on Behalf of Plaintiff and the Plaintiff Class)**

34. Plaintiff realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

35. At the time UPS made the misrepresentations herein alleged, UPS had no reasonable grounds for believing the representations to be true and acted negligently in making those representations.

36. As a proximate result of UPS's negligent misrepresentations, Plaintiff and members of the Plaintiff Class were damaged in an amount to be proven at trial, including but not limited to the amounts paid by them for the service which was not provided by UPS.

**THIRD CAUSE OF ACTION - BREACH OF CONTRACT**
**(For Damages on Behalf of Plaintiff and the Plaintiff Class)**

37. Plaintiff realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

38. By virtue of the above-alleged conduct, Defendant UPS entered into one or more oral agreements with Plaintiff, evidenced in writing by completed Shipping Records, invoices and other documents, whereby a UPS account was established for the shipping of packages to Heroes Club's customers.

39. Pursuant to the above-alleged agreement, UPS provided Plaintiff with a UPS Shipping Record Book containing forms, or Shipping Records, to be used by Plaintiff to identify the name and address of the customer to whom each package was to be shipped, the manner in which it was to be shipped, information about the package to be shipped and additional services to be provided by UPS in connection with the delivery of the package. On a periodic basis, Plaintiff would regularly complete a Shipping Record for the packages to be delivered by UPS, affix UPS-provided bar-coded shipping labels and tracking numbers to the packages, and provide the completed forms and packages to a UPS representative to be processed for shipping to the customer. Thereafter, UPS would invoice Plaintiff, generally on a monthly basis, for the cost of

the services provided, including both the shipment of the packages and any additional services requested by Plaintiff.

40. Pursuant to the above-alleged agreement(s), UPS offered Plaintiff the optional service, at an additional cost, of providing confirmation of the delivery of the package to the customer and proof that the customer had signed for the package. This additional service could be accepted by Plaintiff by checking a box on the Shipping Record, under the heading "Additional Services" entitled "Delivery Confirm. Signature Required:"

41. Throughout the period during which Plaintiff had an account with UPS, and pursuant to UPS instructions, Plaintiff would routinely opt for the additional service of obtaining automatic proof of delivery, including the signature of the recipient, by marking the "Delivery Confirm. Signature Required." box on the Shipping Records.

42. Throughout the period during which Plaintiff had an account with UPS, Defendant routinely breached its agreement with Plaintiff by failing to obtain the signature of the recipients of packages shipped for Plaintiff when Plaintiff had specifically opted for that additional service by so indicating on the Shipping Record. On information and belief, Plaintiff alleges that UPS failed to seek or obtain delivery confirmation with recipient signatures in approximately half of the instances in which signatures were required. Plaintiff further alleges on information and belief that in most, if not all, of those cases, Defendant left the package at the premises of the addressee unattended.

43. Notwithstanding Defendant's failure to perform its obligation under its agreement with Plaintiff by delivering Plaintiffs packages without obtaining recipient signatures when required, Defendant consistently charged Plaintiff for providing such service for each package for which it was requested, regardless of whether the service was actually provided.

44. At all times relevant to this action, Plaintiff performed all of its obligations under its agreement with UPS. In particular, Plaintiff paid all amounts invoiced by UPS on its account, including amounts attributable to the additional service of obtaining proof of delivery with the signature of the recipient, regardless of whether such service was actually provided by UPS.

45. As a direct and proximate result of Defendant's conduct, Plaintiff was damaged in

an amount to be established at trial, including, but not limited to, the amounts paid by Plaintiff to UPS for services not provided.

**FOURTH CAUSE OF ACTION - VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.***
**(For Restitution and Injunctive Relief on Behalf of Plaintiff and the Plaintiff Class)**

46. Plaintiff realleges and incorporates herein by reference the allegations set forth in each of the preceding paragraphs.

47. Plaintiff brings this cause of action on behalf of himself and the Plaintiff Class Class to challenge Defendant's unlawful, unfair, and fraudulent business practices as hereinabove alleged. California Business and Professions Code section 17200 *et seq.*, the "Unfair Competition Law," defines "unfair competition" to include any unlawful, unfair, or fraudulent business act or practice. The Act provides that, in order to remedy a violation of the statute, a court may order, among other remedies, injunctive relief and restitution to affected members of the class.

48. The business acts and practices of UPS, as hereinabove described, constitute an unlawful business practice in violation of the Unfair Competition Law for the reasons set forth below, without limitation:

(a) The business acts and practices violate California Civil Code sections 1709 and 1710 for the reasons set forth in the First and Second Causes of Action, and are therefore unlawful;

(b) The acts and practices violate California Business and Professions Code section 17500 for the reasons set forth in the Fifth Cause of Action and are therefore unlawful; and

(c) The business acts and practices are comprised of a pattern and practice of uniformly breaching a standardized contract between Defendant and the Plaintiff Class.

49. The acts and practices of UPS as hereinabove described constitute unfair business acts and practices in violation of the Unfair Competition Law in that: (1) such acts and practices are substantially injurious economically to consumers and offensive to established state and federal policies, as reflected by the above-described legislation; (2) the utility of UPS's practices

and any legitimate reasons, justifications, and motives for engaging in such conduct, if any, is outweighed by the gravity of the harm to class members and other members of the public; and (3) the conduct is immoral, unethical, oppressive, and/or unscrupulous.

50. In addition, the business acts and practices of Defendant as hereinabove described constitute fraudulent business practices in violation of the Unfair Competition Law in that such acts and practices are likely to deceive and did deceive its California customers as the services that Defendant would provide for the charge imposed.

51. Plaintiff and members of the Plaintiff Class have suffered injury in fact and have lost money or property as a result of Defendant's conduct alleged herein, in that they paid sums of money to UPS for a service that was never provided. Specifically, Plaintiff and members of the Plaintiff Class paid UPS additional fees for the specific purpose of obtaining confirmation of delivery with the recipient's signature. UPS failed to provide that service for approximately half of orders for which it was requested but charged and collected the fee attributable to the service for all such orders.

52. Pursuant to California Business and Professions Code section 17203, Plaintiff seeks and is entitled to an order requiring that UPS restore to Plaintiff and members of the Plaintiff Class all sums acquired by it by means of the unlawful, unfair and fraudulent business practices alleged herein, including all fees paid for the service of acquiring a signature of the recipient of a package where no such signature was obtained, for a period commencing four years prior to the date on which this action was filed.

53. Pursuant to California Business and Professions Code section 17203, Plaintiff individually and on behalf of all members of the Plaintiff Class who are, have been or may be, subjected to these unlawful, unfair, and fraudulent business acts and practices, hereby requests that the Court enjoin such acts and practices. Plaintiff also asks for other relief to prevent such practices in the future and to correct the abuses caused by these practices to date.

54. Plaintiff is entitled to and requests an award of reasonable attorneys' fees, pursuant to California Code of Civil Procedure section 1021.5 and any other applicable statute which allows for the recovery of attorneys' fees, costs, and expenses incurred in bringing this

action.

**FIFTH CAUSE OF ACTION -VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500 *ET SEQ***
**(For Restitution and Injunctive Relief on Behalf of Plaintiffs and the Plaintiff Class)**

55. Plaintiffs reallege and incorporate herein by reference the allegations set forth in each of the preceding paragraphs.

56. At all times material herein Defendant UPS has engaged in advertising to the public, including Plaintiff and members of the Plaintiff Class, in which it represents that it will provide confirmation of delivery of a package shipped by it, with the signature of the recipient, for an additional fee. The advertisements were disseminated to and received by the public in California, including Plaintiff and members of the Plaintiff Class.

57. Defendant UPS engaged in the advertising herein alleged with the intent to induce the public, including members of the Plaintiff Class, to open, maintain and use UPS accounts, to use those accounts to have UPS ship packages and to pay specified sums for the additional service of obtaining delivery confirmation with the recipient's signature.

58. Defendant UPS's advertising was untrue or misleading and likely to deceive the public in that while UPS promised and represented that it would provide delivery confirmation with the recipient's signature, it had established no mechanism for assuring that such confirmation would be provided, knew that it would not be provided in connection with a substantial number of cases in which it was requested, and had no intention of providing such confirmation in all cases.

59. In making and disseminating the statements herein alleged, UPS knew, or by the exercise of reasonable care should have known, that the statements were and are untrue or misleading and so acted in violation of California Business and Professions Code section 17500.

60. The business acts and practices of defendant UPS as hereinabove described also constitute an unfair business practice in violation of the Unfair Competition Law in that such acts and practices are substantially injurious to consumers and offensive to established California public policy.

61. In addition, the business acts and practices of defendant UPS as hereinabove

described constitute a fraudulent business practice in violation of the Unfair Competition Law in that such acts and practices deceive, or are likely to deceive, California consumers with respect to the provision of delivery confirmations, with the recipients' signatures, by UPS.

62. Plaintiff and members of the Plaintiff Class have suffered injury in fact and have lost money or property as a result of Defendant's conduct alleged herein, in that they relied upon the above-alleged representations of UPS and paid sums of money to UPS for a service that was never provided. Specifically, Plaintiff and members of the Plaintiff Class paid UPS additional fees for the specific purpose of obtaining automated confirmation of delivery with the recipient's signature. UPS failed to provide that service for approximately half of orders for which it was requested but charged and collected the fee attributable to the service for all such orders.

63. Pursuant to California Business and Professions Code section 17535, Plaintiff seeks and is entitled to an order requiring that UPS restore to Plaintiff and members of the Plaintiff Class all sums acquired by it by means of the false and misleading advertisement alleged herein, including all fees paid for the service of acquiring a signature of the recipient of a package where no such signature was obtained, for a period commencing four years prior to the date on which this action was filed.

64. Pursuant to California Business and Professions Code section 17535, Plaintiff seeks to enjoin these acts and practices and to obtain restitution of all funds seized from Plaintiff by reason of and through the use of such false advertising. Pursuant to California Business and Professions Code section 17535, Plaintiff, individually, and on behalf of all members of the Plaintiff Class and general public who are, have been, or may be subjected to these unlawful, unfair, and fraudulent business acts and practices of Defendant, hereby requests preliminary and permanent injunctive relief prohibiting such practices in the future, and such other orders as may be necessary to restore to any person in interest, any money or property, which may have been obtained from Plaintiff by means of such false advertising. In addition, pursuant to California Code of Civil Procedure section 1021.5 and other applicable provisions of law, Plaintiff is entitled to recover its reasonable attorneys' fees, costs and expenses incurred in bringing this action.

**ALLEGATIONS SUPPORTING INJUNCTIVE RELIEF**

65. Plaintiff Heroes Club continues to be engaged in the business of selling figurines, toys and other items on a retail basis and expects to continue in that business for the indeterminate future. As part of that business, Plaintiff has and will continue to have the need to ship merchandise to customers in response to orders placed by telephone, mail, Internet or other means. In addition, Plaintiff has a need to assure and confirm delivery of the merchandise shipped to customers by requiring that packages be personally delivered and that the signature of the recipient by obtained in connection with the delivery of the package.

66. There is a likelihood that Plaintiff will utilize the services of UPS for shipping merchandise to customers if UPS is required to provide confirmation of delivery with the signature of recipients in accordance with its promises and representations to class members.

67. Plaintiff is informed and believes, and on that basis alleges, that Defendant UPS continues to engage in the unlawful, unfair and fraudulent conduct alleged herein and will continue to engage in such conduct unless and until an order is issued enjoining it from doing so.

68. Unless and until an order is issued enjoining Defendant UPS from engaging in the unlawful, unfair and fraudulent conduct alleged herein, Plaintiff and members of the Plaintiff Class will suffer irreparable harm in that they will be deprived of the ability to reliably ship merchandise to customers through UPS with any assurance that packages will be personally delivered and that signatures will be obtained from recipients as promised or represented by UPS, notwithstanding their payment of an additional fee for such service.

69. There is no adequate remedy at law available for the conduct alleged herein. Although damages and/or restitution will compensate Plaintiff and members of the Plaintiff Class for sums paid to UPS for the "Delivery Confirmation/Signature Required" service, such monetary relief will not assure that packages shipped on behalf of Plaintiff and the Plaintiff Class are personally delivered to and received by the customer.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays as follows:

1. That this Court certify this case as a class action;

2. That this Court find and declare the Defendant's acts and practices as described herein to be unlawful, unfair, and fraudulent;

3. That Plaintiff and the Plaintiff Class be awarded compensatory damages according to proof at trial;

5. That Plaintiff and the Plaintiff Class be awarded punitive damages according to proof at trial;

6. That Defendant be preliminarily and permanently enjoined from engaging in the unlawful, unfair and fraudulent acts and practices alleged herein;

7. That Defendant be ordered to make restitution to all affected members of the Plaintiff Class;

8. That the Court make such orders as may be necessary to restore to Plaintiff and members of the Plaintiff Class any money or property which may have been obtained from them by means of Defendant's unlawful, unfair and fraudulent business practices pursuant to California Business and Professions Code sections 17203 and 17535;

10. That Plaintiff and the Plaintiff Class be awarded pre-judgment interest on all sums collected;

11. That Plaintiff and its counsel be awarded attorneys' fees, costs and expenses; and

12. For such other and further relief as the Court may deem proper.

DATED: July 27, 2007

Respectfully submitted,

THE STURDEVANT LAW FIRM
A Professional Corporation

HEDANI, CHOY, SPALDING & SALVAGIONE, LLP

By: [signature]
MARK T. JOHNSON
Attorneys for Plaintiff

Z:\429_Heroes Club v. UPS\Pleadings\P-complaint - FINAL.wpd

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James C. Sturdevant (SBN 94551)<br>Mark T. Johnson (SBN 76904) (See Attachment for additional counsel)<br>THE STURDEVANT LAW FIRM<br>475 Sansome Street, Ste. 1750, San Francisco, CA 94111<br>TELEPHONE NO.: (415) 477-2410 FAX NO.: (415) 477-2420<br>ATTORNEY FOR (Name): Plaintiff Heroes Club, Inc. | ENDORSED<br>FILED<br>San Francisco County Superior Court<br>JUL 27 2007<br>GORDON PARK-LI, Clerk<br>BY: JUN P. PANELO<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS: 400 McAllister Street<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
| CASE NAME:<br>Heroes Club, Inc. v. United Parcel Service, Inc. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-07-465547 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [✓] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*): Five (5)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: July 27, 2007

Mark T. Johnson
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SHORT TITLE: Heroes Club, Inc. v. United Parcel Service, Inc.

CASE NUMBER:

ATTACHMENT TO CIVIL CASE COVERSHEET

Additional Attorney for Plaintiff Heroes Club, Inc.:

RANDALL P. CHOY (SBN 83194)
Hedani, Choy, Spalding & Salvagione, LLP
595 Market Street, Ste. 1100
San Francisco, CA 94105
Telephone: (415) 778-0800
Facsimile: (415) 778-0700

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 2

Form Approved by the Judicial Council of California MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

FILED
San Francisco County Superior Court

APR 1 6 2007

GORDON PARK-LI, Clerk
BY: [signature]
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 304

| | |
|---|---|
| In re: COMPLEX LITIGATION | **GENERAL ORDER RE: PROCEDURE FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION** |
| | The Honorable Richard A. Kramer |

This Order shall apply to any case designated as a Complex Case on the Civil Case Cover Sheet (Judicial Council Form CM-010, Rule 3.220, Cal. Rules of Court) filed in San Francisco Superior Court. As to all such cases:

1. The fee(s) required by California Government Code section 26826.4 shall be paid upon filing such designation.

2. No case shall be assigned to the Complex Litigation Department until an Application For Approval of Complex Litigation Designation has been made in accordance with this Order, and the Court has ordered the case so assigned.

3. An Application for Approval of Complex Designation must be filed within 10 days of the date of filing of the Civil Case Cover Sheet Complex Case Designation, setting forth with specificity the reasons that the case should be assigned to the Complex Litigation Department in accordance with the factors set forth in Rule 3.400 *et seq*, California Rules of Court. A copy of such Application, together with a copy of the operative Complaint and of the Civil Case Cover Sheet, shall be delivered to the clerk of Department 304 promptly upon filing. Copies of the Application shall be served on all other parties who have been served with the Complaint or have appeared in the case.

4. A Complex Case Designation which does not comply with this Order will be deemed denied without further order.

5. Until such time as the Court issues an order assigning the case to the Complex Litigation Department, it will remain in its otherwise assigned case management plan and shall be subject to all applicable case management rules and procedures. *See* Rule 3 – Civil Case Management, San Francisco Superior Court Local Rules of Court.

6. Upon the denial of Complex Case Designation, either under paragraph 4 hereof or by specific court order, and no sooner than 60 days after the date of filing the Civil Case Cover Sheet, the Clerk of the Court shall, upon request, refund any fees paid pursuant to California Government Code section 26826.4(a) or (b). *See* Cal. Gov. Code § 26826.4(d).

7. This Order does not modify the provisions of Rule 3.403(b), California Rules of Court.

IT IS SO ORDERED.

Dated: April 13, 2007

RICHARD A. KRAMER
Judge of the Superior Court

## BASF Mediators

Koorosh Afshari
Robert E. Aune
Elizabeth E. Bader
Eileen Barker
Sandra Blair
Burton F. Boltuch
Bradley Bostick
Angela Bradstreet
George D. Brewster
Fred D. Butler
Keith Chrestionson
Thomas A. Cohen
Nancy de lla
Mark J. Divelbiss
Martin H. Dodd
Paul Dubow
David H. Fielding
Robert T. Fries
Mark Goiner
Sanford Gorfinkel
Gerald F. George
Matthew J. Geyer
Judith A. Gordon
Stephen J. Gorski
Laurel Littman Gothell
Judge Ron Greenberg (Ret)
Paul D. Gutierrez
Arnold B. Haims
Ben Homburg
Michael D. Handlos
Lynn Hansen
John R. Heisse, II
Kay E. Henden
Frederick C. Hertz
Bruce Highman
Yolanda M. Jackson
Richard Jaeger
Roberta R. Jeffrey
Kenneth F. Johnson
Steger P. Johnson
Gail Killefer
Carol M. Kingsley
Chris Knowlton
Guy O. Kornblum
Dr. Urs Laeuchli
Paula Lawhon
Theodora R. Lee
Arthur D. Levy
Robert T. Lynch
Sharon T. Maier
Michael L. Marx
Judith A. Mazia
David J. Meadows
Thomas C. Nagle
Marilyn O'Toole
Marc Poisin
Herman D. Papa
Basil Plastiras
Marco Quazzo
Steven Rosenberg
Jeffrey A. Ross
Alan R. Rothstein
Stephen B. Ruben
Cheryl A. Sena
Malcolm Sher
Elizabeth H. Shwiff
Arthur R. Siegel
Carol Ruth Silver
Teri H. Sklar
Roger W. Sleight
Yaroslav Sochynsky
Jason H. Stein
Michael J. Timpane
Elizabeth A. Tippin
Charles A. Triay
Claudia M. Viera
Gregory D. Walker
Albert B. Wenzell, Jr.
Arne Werchick
Andrew R. Wiener
Joel Zebrack

**MEDIATOR BIOGRAPHIES & PHOTOGRAPHS: WWW.SFBAR.ORG/MEDIATION**

2/07

## SUCCESS STORIES

"The mediator settled a case that opposing counsel and I honestly believed could not be settled."

*-Richard W. Osman, Esq.*
*Bertrand, Fox & Elliot*

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary; he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."

*-Robert P. Travis, Esq.*
*Travis and Pon*

"The mediator was excellent! He was effective with some strong, forceful personalities."

*-Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*

Procedures, Forms
Mediator Biographies and Photos
**WWW.SFBAR.ORG/MEDIATION**
Questions?
ADR@sfbar.org or 415.982.1600

# MEDIATION SERVICES

THE BAR ASSOCIATION OF SAN FRANCISCO

THE BAR ASSOCIATION OF SAN FRANCISCO

## What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action. The mediator does not make a decision for you, as a judge or arbitrator might. Rather, they help you come to a resolution that all parties are satisfied with, which is binding only if everyone agrees.

## What is BASF's Mediation Service?

Mediation Services was established in November 2003 by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This is a traditional mediation service providing experienced private mediators, and is an approved alternative to court ordered Arbitration or Early Settlement.

## How does it work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; parties may ask experienced BASF staff to suggest a mediator, request three biographies to choose from, or choose a particular mediator from our Web site. To use a BASF mediator, a simple Consent to Mediate form, with the administrative fee, is sent to BASF.

## Who can use the service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants. Our mediators are ready to assist in almost any area needed, ranging from multi-party commercial matters to individuals in conflict.

## How much does the service cost?

Our mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

## Who are the mediators?

BASF's mediators are experienced mediation professionals who are available to assist in most areas of dispute. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

WWW.SFBAR.ORG/MEDIATION

## Areas of Experience

**Business**
**Civil Rights**
**Commercial**
**Construction**
**Contracts**
**Disability**
**Discrimination**
**Education**
**Employment/Workplace**
**Environmental**
**Family**
**Fee Disputes**
**Financial**
**Gay/Lesbian/Bisexual Issues**
**Government**
**Insurance**
**Intellectual Property**
**Intra-Organizational**
**Labor**
**Landlord/Tenant**
**Land Use**
**Malpractice:**
**Legal-Medical-Professional**
**Partnership Dissolutions**
**Personal Injury**
**Probate/Trust**
**Products Liability**
**Real Estate**
**Securities**
**Taxation**
**Uninsured Motorist**
**Women's Issues**

CASE NUMBER: CGC-07-465547 HEROES CLUB, INC., A CALIFORNIA CORPORATION VS.

# NOTICE TO PLAINTIFF

A Case Management Conference is set foı

**DATE:** **DEC-28-2007**

**TIME:** **9:00AM**

**PLACE:** **Department 212**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

## Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 201.9(c))

Superior Court of California
County of San Francisco

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.
- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.
- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.
- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

### JUDICIAL ARBITRATION

***Description***

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

***Operation***

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

***Private Mediation***

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### *Cost*

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### *Description*

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### *Operation*

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA 94102-4514

| | |
|---|---|
| Plaintiff<br>v.<br>Defendant | Case No. ______________<br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

- ☐ **Private Mediation**
- ☐ **Binding arbitration**
- ☐ **Non-binding judicial arbitration**
- ☐ **BASF Early Settlement Program**
- ☐ **Other ADR process (describe)** ______________________________
- ☐ **Mediation Services of BASF**
- ☐ **Judicial Mediation**
  - **Judge** ______________
  - **Judge** ______________

**Plaintiff(s) and Defendant(s) further agree as follows:**

______________________________________________

______________________________________________

______________________________________________

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: ______________ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: ______________ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: ______________ |

☐ *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
| --- | --- |
| TELEPHONE NO.: FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |
| CASE MANAGEMENT STATEMENT<br>(Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | CASE NUMBER: |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

Cal. Rules of Court, rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:



# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Evans Quidachay
The Honorable A. James Robertson, II
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

COPY

JAMES C. STURDEVANT (SBN 94551)
MARK T. JOHNSON (SBN 76904)
ALEXIUS MARKWALDER (SBN 227004)
THE STURDEVANT LAW FIRM
A Professional Corporation
475 Sansome Street, Suite 1750
San Francisco, CA 94111
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

RANDALL P. CHOY (SBN 83194)
Hedani, Choy, Spalding & Salvagione, LLP
595 Market Street, Ste. 1100
San Francisco, CA 94105
Telephone: (415) 778-0800
Facsimile: (415) 778-0700

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**UNLIMITED JURISDICTION**

**COUNTY OF SAN FRANCISCO**

HEROES CLUB, INC., a California Corporation,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC., and DOES 1-50,

Defendants.

**CASE NO. CGC-07-465547**

**CLASS ACTION**

**PLAINTIFF'S APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION PURSUANT TO GENERAL ORDER RE: PROCEDURE FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION**

# APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION

Plaintiff Heroes Club, Inc. requests that this case be designated complex and assigned for all purposes to Department 304.

## I. PRELIMINARY STATEMENT

The issues raised in this state-wide class action for fraud, negligent misrepresentation, breach of contract, and violation of the Unfair Competition Law ("UCL") and False Advertising Act, which involves numerous class members, warrant that this matter be designated complex under California Rules of Court, rule 3.400 *et seq.* and this Court's Local Rule 3.2. As a putative class action, the case is already provisionally complex under California Rules of Court, rule 3.400(c)(6). Confirming this designation will save both the Court and the parties considerable time and expense by ensuring that discovery and pretrial issues (and potentially post-judgment issues) move forward efficiently and effectively. Accordingly, Plaintiff requests that the Court designate this case as a complex action and that it be ordered exempt from Case Management Plan 1.

## II. SUMMARY AND PROCEDURAL STATUS OF CLASS ACTION COMPLAINT

On July 27, 2007, Plaintiff Heroes Club, Inc. filed this class action suit on behalf of itself and all similarly situated businesses in California that have used United Parcel Service, Inc. ("UPS") to ship packages and paid a separate fee for UPS to obtain delivery confirmation with the signature of the recipient of the packages. True and correct copies of the Complaint and Civil Case Cover Sheet are attached hereto as Exhibits A and B respectively. Plaintiff alleges that UPS has promised and represents to class members that, upon request and for an additional fee, it will obtain the signature of persons to whom packages are delivered as a condition of delivery. In fact, UPS routinely delivers packages without obtaining signatures where the customer has indicated that a signature is required, has no mechanism for assuring that signatures are obtained, is aware or should be aware that signature requirement is routinely disregarded, and regularly charges customers for the signature required service where no signature has been obtained.

Plaintiff seeks damages for fraud, negligent misrepresentation, and breach of contract and restitution and injunctive relief under the UCL and the False Advertising Act.

Plaintiff served the Complaint on UPS's designated agent for service on July 30, 2007. UPS has not yet made an appearance, filed an Answer, or otherwise responded to Plaintiff's complaint. The initial Case Management Conference is scheduled on December 28, 2007, in Department 212.

## III. A COMPLEX DESIGNATION IS APPROPRIATE FOR THIS TYPE OF ACTION

### A. STATUTORY AUTHORITY

Pursuant to California Rules of Court, rule 3.400(c)(6), class action claims, like those at issue in this case, are provisionally designated as complex cases. Moreover, Rule 3.400(a) states, "[a] 'complex case' is an action that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel." Courts overseeing complex cases generally use case management procedures to identify the essential issues in the litigation and develop procedures to avoid unnecessary and burdensome discovery procedures. *See, e.g.*, Cal. Stds. Jud. Admin., §§ 3.10(d) & (c); *see also Cottle v. Super. Ct.*, 3 Cal. App. 4th 1367, 1377 (1992).

Moreover, the California Court of Appeal has stated explicitly that complex litigation is not capable of precise definition but may involve, for example, multiple related cases, extensive pretrial activity, extended trial times, difficult or novel issues, and post-judgment judicial supervision, or may concern special categories such as class actions; however, no particular criterion is controlling and each situation must be examined separately. *First State Ins. Co. v. Super. Ct.*, 79 Cal. App. 4th 324, 332 (2000). Accordingly, the California Rules of Court identify factors to be considered by Courts in determining whether a case should be designated complex. *Id.*; Cal. Ct. R. 3.400(b). No single factor is deemed controlling. *Id.* The Court considers, inter alia, whether the action is likely to involve:

> (1) Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve;
> (2) Management of a large number of witnesses or a substantial amount of documentary evidence; [or] . . .
> (5) Substantial post judgment judicial supervision.

Cal. Ct. R. 3.400(b).

### B. THIS CLASS ACTION MEETS THE CRITERIA FOR A COMPLEX DESIGNATION

This case should be designated as complex and assigned to the Complex Litigation Department. The case involves state-wide class allegations that will require substantial documentary and testimonial evidence. *See* Cal. Ct. R. 3.400(b)(2). The potential volume of discovery, based on the anticipated size of the putative class, warrants focused supervision. UPS operates one of the largest, if not the largest, shipping and delivery services in the world and has offices in virtually every city, town, and suburban area in California. It is one of the most frequently used provider of shipping services to small retailers and other business entities in California and is believed to provide such services on a regular basis to hundreds, if not thousands of commercial customers in California. It is also known for its advanced technology and the use of complex computer systems and databases for tracking customers and their transactions, including the delivery of packages. It is anticipated, therefore, that the action will raise complex, vigorously contested and critical issues involving the discovery and management of large volumes of computerized documents and data.

Additionally, the motion practice relating to the pleadings, class certification, and dispositive issues is expected to be extensive and time-consuming. *See* Cal. Ct. R. 3.400(b)(1). The nature of the Defendant, the size of the class, the amount of potential monetary relief and the volume of documents and discovery necessary make it likely that there will be multiple dispositive, discovery, and other motions filed in the action. *See Id.*

Further, if the claims are certified for class treatment on a state-wide basis, post-judgment court supervision may become necessary with respect to both the implementation and monitoring of injunctive relief and the administration class wide monetary relief. *See* Cal. Ct. R. 3.400(b)(5). Designating this case as complex accords with the purpose behind the complex litigation rules. A coordinated discovery plan will ensure that this case proceeds efficiently and cost-effectively. A single judge will be familiar with the underlying facts and contentions and will be better suited to identify the essential issues in this litigation, saving the judiciary valuable time and resources whenever the parties require judicial intervention in a matter. Indeed, this

case will benefit from a transfer to the Complex Litigation Department and monitoring by a single judge.

## IV. CONCLUSION

Because this action – already designated provisionally complex by the California Rules of Court – presents multiple factors that support its designation as complex pursuant to California Rules of Court, rule 3.400 *et seq.* and its exemption from Case Management Plan 1. Plaintiff respectfully requests that this Court adopt the attached proposed order and designate this case as complex, assigning it for all purposes to Department 304.

Date: August 3, 2007

Respectfully submitted,

THE STURDEVANT LAW FIRM

By: [signature]
Mark T. Johnson
Attorneys for Plaintiff

Z:\429_Heroes Club v. UPS\Pleadings\P-app for complex designation.wpd

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to this action. I am a resident of the State of California and am employed in the County of San Francisco. My business address is The Sturdevant Law Firm, 475 Sansome Street, Suite 1750, San Francisco, California 94111. On **August 3, 2007**, I served a true and correct copy of the document(s) described below on the parties and/or their attorney(s) of record to this action in the manner indicated:

**PLAINTIFF'S APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION PURSUANT TO GENERAL ORDER RE: PROCEDURE FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION**

[✓] **U.S. MAIL:** I am employed in the county where the mailing occurred. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, such correspondence is deposited with the United States Postal Service in a sealed envelope or package that same day with first-class postage thereon fully prepaid. On the date indicated above, I placed the document(s) listed above in a sealed envelope or package with first-class postage thereon fully prepaid, and placed the envelope or package for collection and mailing today with the United States Postal Service at San Francisco, California addressed as set forth on the attached service list. The address(es) shown on the attached service list is (are) the same as shown on the envelope or package. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit. CCP §§ 1013(a)-(b), 1013a, FRCP § 5(b), FRAP §§ 5(c)-(d).

[✓] **MESSENGER SERVICE:** I am readily familiar with this firm's practice for the collection and processing of correspondence for hand delivery by messenger service. In the ordinary course of business, such correspondence is deposited with a professional messenger service in a sealed envelope or package for delivery that same day. On this date, I placed the document(s) listed above in a sealed envelope or package addressed as set forth on the attached service list. The address(es) shown on the attached service list is (are) the same as shown on the envelope or package. I delivered the envelope or package to a messenger authorized by the messenger service to receive documents. The messenger was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery. If required, the actual server's original proof of personal service will be filed with the court. CCP § 1011, FRCP § 5(b), FRAP §§ 5(c)-(d).

[ ] **FACSIMILE:** Based on agreement of the parties to accept service by fax transmission, I transmitted by facsimile machine the document(s) listed above to the fax number(s) set forth on the attached service list on this date at approximately _____. The outgoing facsimile machine telephone number is (415) 477-2420. The facsimile machine used creates a transmission report for each outgoing facsimile transmitted. A copy of the transmission report(s) for the service of the document(s), properly issued by the facsimile machine that transmitted the document(s) and showing that such transmission(s) was (were) completed without error, is attached hereto. I, thereafter, mailed a copy to the same party(ies) by placing true copies of the document(s) in a sealed envelope or package with first-class postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth on the attached service list. The address(es) set forth on the attached service list is (are) the same as shown on the envelope or package. CCP §§ 1013(e)-(f), CRC 2008, N.Dist. Civil L.R. 5-5.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. 28 U.S.C. § 1746.

Executed on **August 3, 2007**, at San Francisco, California.

Amber Rocha
**Amber Rocha**

# SERVICE LIST

| ADDRESSEE(S) | PARTY(IES) REPRESENTED |
|---|---|
| ***Via Messenger Service***<br>Agent for Service of Process<br>United Parcel Service, Inc.<br>2730 Gateway Oaks Drive, Suite 100<br>Sacramento, CA 95833 | Defendants |
| ***Via U.S. Mail***<br>Randall P. Choy<br>Hedani, Choy, Spalding & Salvagione, LLP<br>595 Market Street, Ste. 1100<br>San Francisco, CA 94105 | Plaintiffs |

# EXHIBIT A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
James C. Sturdevant (SBN 94551)
Mark T. Johnson (SBN 76904) (See Attachment for additional counsel)
THE STURDEVANT LAW FIRM
475 Sansome Street, Ste. 1750, San Francisco, CA 94111
TELEPHONE NO.: (415) 477-2410 FAX NO.: (415) 477-2420
ATTORNEY FOR (Name): Plaintiff Heroes Club, Inc.

FOR COURT USE ONLY
ENDORSED FILED
San Francisco County Superior Court
JUL 27 2007
GORDON PARK-LI, Clerk
BY: JUN P. PANELO
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Franciso, CA 94102
BRANCH NAME:

CASE NAME:
Heroes Club, Inc. v. United Parcel Service, Inc.

CASE NUMBER: CGC-07-465547
JUDGE:
DEPT:

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [✓] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*): Five (5)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: July 27, 2007
Mark T. Johnson
(TYPE OR PRINT NAME)
[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: Heroes Club, Inc. v. United Parcel Service, Inc. | CASE NUMBER: |
|---|---|

ATTACHMENT TO CIVIL CASE COVERSHEET

Additional Attorney for Plaintiff Heroes Club, Inc.:

RANDALL P. CHOY (SBN 83194)
Hedani, Choy, Spalding & Salvagione, LLP
595 Market Street, Ste. 1100
San Francisco, CA 94105
Telephone: (415) 778-0800
Facsimile: (415) 778-0700

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 2

Form Approved by the Judicial Council of California MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

# EXHIBIT B

COPY

JAMES C. STURDEVANT (SBN 94551)
MARK T. JOHNSON (SBN 76904)
ALEXUIS MARKWALDER (SBN 227004)
THE STURDEVANT LAW FIRM
A Professional Corporation
475 Sansome Street, Suite 1750
San Francisco, CA 94111
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

RANDALL P. CHOY (SBN 83194)
Hedani, Choy, Spalding & Salvagione, LLP
595 Market Street, Ste. 1100
San Francisco, CA 94105
Telephone: (415) 778-0800
Facsimile: (415) 778-0700

Attorneys for Plaintiff

ENDORSED
FILED
San Francisco County Superior Court

JUL 27 2007

GORDON PARK-LI, Clerk
BY: JUN P. PANELO
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

DEC 28 2007 -9<sup>00</sup>AM

DEPARTMENT 212

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**UNLIMITED JURISDICTION**

**COUNTY OF SAN FRANCISCO**

HEROES CLUB, INC., a California Corporation,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC., and DOES 1-50,

Defendants.

CASE NO. CGC-07-465547

CLASS ACTION

**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE AND DECLARATORY RELIEF FOR FRAUD; NEGLIGENT MISREPRESENTATION; BREACH OF CONTRACT; VIOLATIONS OF THE UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200 *et seq.*; and VIOLATION OF THE FALSE ADVERTISING ACT, BUSINESS AND PROFESSIONS CODE § 17500 *et seq.***

## INTRODUCTION

Plaintiff Heroes Club, Inc. ("Heroes Club") brings this proposed class action on behalf of itself and similarly situated businesses in California to challenge a widespread, fraudulent and unfair business practice engaged in by defendant United Parcel Service, Inc. ("UPS") in connection with the shipping of packages for members of the proposed class. Specifically, Defendant advertises and offers to class members an "Additional Service" known as "Delivery Confirmation/Signature Required" whereby UPS will obtain, as a condition of delivery and at an additional cost, the signature of the person to whom an item is shipped. This service, when actually implemented, provides businesses with the ability to establish the actual receipt of merchandise by the intended recipient and protects retailers from fraud and losses associated with stolen packages left at the premises. Although UPS charges class members an additional fee for each package for which delivery confirmation with a signature is required, it has no effective system in place for assuring that signatures are actually obtained, has no intent to actually provide the service on a consistent basis, and routinely delivers packages for which signatures are required by leaving the package at the shipping address without obtaining a signature. In such circumstances, Defendant offers no refund or credit to class members and retains the full amount charged as profit, despite the fact the that it has not provided the specific service for which such amount is paid.

Plaintiff seeks damages for fraud, negligent misrepresentation, and breach of contract. In addition, Plaintiff seeks restitution and declaratory and injunctive relief pursuant to California Business and Professions Codes sections 17200 and 17500.

## PARTIES

1. Plaintiff Heroes Club, Inc. is California corporation located in and doing business in San Francisco, California. It is a sole proprietorship engaged in the retail business of selling hero-themed figurines, toys, and other items for the collector and hobbyist. The principal and sole proprietor of Heroes Club is Robin Kwok.

2. The class of similarly situated persons that Plaintiff seeks to represent (hereafter the "Plaintiff Class") is comprised of all business entities in California that have used UPS to

ship packages and that have paid UPS a separate fee for obtaining the signature of the addressee to confirm delivery of packages.

3. Defendant United Parcel Service, Inc. is a corporation doing business in California. At all material times, Defendant UPS was and is engaged in the business of providing shipping and related services to businesses and individuals in California and elsewhere.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-50, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes that each of the fictitiously named Defendants, including any such Defendants that may be the agents, representatives, or parent or subsidiary corporations of the named Defendant, is responsible in some manner for the occurrences, events, transactions, and injuries alleged herein, and that Plaintiff's injuries as hereinafter set forth were proximately caused by said Defendants. Plaintiff will amend this complaint to state the true names and capacities of said Doe Defendants when ascertained.

5. Plaintiff is informed and believes and thereon alleges that each of the Defendants, including the Doe Defendants, agreed or acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of the injury to Plaintiff and the class as alleged herein.

6. At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## CLASS ACTION ALLEGATIONS

7. Pursuant to California Code of Civil Procedure section 382, Plaintiff brings this action on behalf of itself and all other businesses similarly situated. The class that Plaintiff represents is comprised of the following:

> All business entities in California that used UPS to ship packages during the period commencing four (4) years prior to the filing of this action and that, during that period, paid UPS a separate fee for obtaining the signature of the person to whom the package is delivered.

8. Plaintiff is unable to state the precise number of potential members of the Plaintiff Class because that information is in the possession of UPS. Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class exceeds several hundred business customers of UPS in California and is therefore so numerous that joinder of all members would be impracticable. The exact size of the Plaintiff Class, and the identity of the members thereof, are readily ascertainable from the business records of UPS.

9. Questions of law and fact common to the Plaintiff Class exist that predominate over questions affecting only individual members, include, *inter alia*, the following:

(a) Whether UPS regularly represented to Plaintiff and members of the Plaintiff Class that it will provide proof of delivery of packages by obtaining, for an additional charge, the signatures of recipients;

(b) Whether such representations were false;

(c) Whether UPS made the alleged representations intentionally, with actual or constructive knowledge that it had established no system for assuring that recipient signatures were obtained and that its employees would not consistently obtain the signatures of recipients when requested to do so by Plaintiff and members of the Plaintiff Class;

(d) Whether UPS made the alleged misrepresentations negligently, with no reasonable basis for believing that signatures would consistently be obtained when requested;

(e) Whether the conduct alleged herein constitutes a breach by UPS of its agreement with Plaintiff and members of the Plaintiff Class to obtain and provide signatures when requested;

(f) Whether the actions and representations of UPS described herein violate the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*;

(g) Whether the actions and representations of UPS described herein violate the False Advertising Act, Cal. Bus. & Prof. Code § 17500 *et seq.*;

(e) Whether Plaintiff and other members of the Plaintiff Class suffered financially by reason of the unlawful, unfair, and/or fraudulent conduct of UPS and the class-wide measure of restitution;

(f) Whether Plaintiff and other members of the Plaintiff Class are entitled to injunctive relief, restitution, disgorgement, and/or other equitable relief as a remedy for Defendant's unlawful business practices.

10. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Class as described above, the claims arise from the same course of conduct by UPS, and the relief sought is common.

11. The named Plaintiff herein has no interests adverse to those of the Plaintiff Class and will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff has retained counsel competent and experienced in class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, because the economic injuries suffered by the individual class members may be relatively modest, compared to the expense and burden of individual litigation, it would be impracticable for most Plaintiff Class members to seek redress individually for the wrongful conduct alleged herein. There will be no real difficulty in the management of this litigation as a class action.

GENERAL FACTUAL ALLEGATIONS

13. Plaintiff Heroes Club is and has been engaged in the business of selling hero themed figurines, toys and other merchandise to hobbyists and other consumers. A significant portion of its business is conducted through mail order transactions by means of telephone or Internet placed orders.

14. At all times herein mentioned, Defendant UPS was in the business of providing shipping services to businesses in California, including but not limited to the service, for an additional fee, of providing delivery confirmation with the signature of the person to whom a package is delivered.

15. During the period of time commencing four years prior to the filing of this action Heroes Club maintained an account with Defendant UPS whereby Plaintiff routinely used UPS to ship merchandise to Plaintiff's customers. Defendant UPS provided Plaintiff with a UPS Shipping Record book containing shipping orders, known as "Shipping Records" to be used for

each package to be shipped.

16. Each Shipping Record provided by Defendant to Plaintiff and members of the class includes a space to indicate that the signature of the recipient is required for delivery of the package. For each package shipped with such an instruction, UPS has charged and continues to charge an additional fee over and above the cost of shipping. The amount of the fee has increased over time during the class period and, on information and belief, is currently in the range of $2.50.

17. Within the time period relevant to this action, Plaintiff Heroes Club arranged with UPS to ship several hundred packages to customers with instructions to obtain the signature of the addressee as a condition of delivery of the package. For each such package UPS charged and collected from Plaintiff an additional fee of approximately $2.50, depending on the time period during which the item was shipped.

18. Of the packages which UPS agreed to ship for Plaintiff with instructions to acquire the signature of the addressee at the time of delivery, UPS failed to acquire a signature approximately 50% of the time. Plaintiff is informed and believes, and on that basis alleges, that UPS delivered the package in those cases by leaving it at the addressee's premises, without obtaining a signature.

19. Despite its failure to obtain the signature of addressees as required by Plaintiff's instructions and the agreement of the parties, Defendant UPS charged and collected from Plaintiff the additional fee for each package that was delivered without a signature, and has retained that fee.

20. Plaintiff is informed and believes, and on that basis alleges, that Defendant UPS failed to establish any system or procedure for assuring that addressee signatures would be obtained in connection with the delivery of packages for which confirmation signatures were required, and that Defendant knew or should have known that large numbers of packages would be delivered without signatures despite instructions that signatures be obtained and despite the fact that fees were charged for the service of acquiring confirmation signatures.

21. Plaintiff is further informed and believes, and on that basis alleges, that Defendant

UPS has failed to acquire signatures for packages delivered for class members generally at the same rate as for Plaintiff's packages, despite the fact that such signatures were required by the agreement of the parties and the instructions provided by class members, and despite the fact that UPS charged class members for the service of acquiring addressee signatures for such packages.

22. Plaintiff and members of the Plaintiff Class suffered injury in fact and lost money as a direct result of the unlawful, unfair, and fraudulent practices and conduct of UPS alleged herein in that they paid fees for a service that was not provided, namely the acquisition of the signature of recipients to whom packages were shipped by UPS. Defendant took this money from Plaintiff and other members of the Plaintiff Class as a result of the alleged conduct and have failed and refused to restore such funds to plaintiff and members of the Plaintiff Class.

**FIRST CAUSE OF ACTION - COMMON LAW AND STATUTORY FRAUD**
**(For Compensatory and Punitive Damages on Behalf of Plaintiff and the Plaintiff Class)**

23. Plaintiff realleges and incorporates herein by reference the allegations set forth in each of the preceding paragraphs.

24. At all times herein mentioned, UPS promised and represented to members of the Plaintiff Class, through its literature, order forms, instructions and other written materials, that, upon payment of an additional fee, specified by UPS, it would acquire the signature of the recipient of a package in connection with its delivery.

25. At all times during which UPS made the foregoing promises and representations to members of the proposed class, it knew that such promises and representations were false. UPS knew that it had no system in place for assuring that signatures would be acquired for packages that were to be delivered only upon acquiring the recipient's signature. It also knew that its employees routinely left and would leave packages unattended at the addresses to which they were shipped without acquiring a signature, despite the fact that members of the proposed class had requested that the packages not be delivered without acquiring a signature and despite the fact that proposed class members had paid UPS for the service of obtaining a signature from the recipient of the package.

26. UPS deliberately failed to disclose to Plaintiff and class members that it had no

system in place for assuring that signatures would be acquired for packages that were to be delivered only upon acquiring the recipient's signature. UPS further failed to disclose to Plaintiff and members of the Plaintiff Class that its employees routinely left and would leave packages at the addresses to which they were shipped without acquiring a signature from the recipient. UPS had a duty to disclose such fact to class members but intentionally failed to do so.

27. UPS's representations and omissions were untrue in that at all times material herein UPS had no intention of consistently obtaining delivery confirmation signatures when requested and had no system in place for doing so.

28. UPS made the representations and omissions alleged herein with the intention of inducing the public, including but not limited to Plaintiff and members of the Plaintiff Class, to pay extra sums for the service of having packages delivered to a person who signed for the package rather than having them left at the address to which they were to be shipped without a signature.

29. Plaintiff and members of the Plaintiff Class were aware of UPS's representations alleged herein and relied on them and the alleged omissions in paying extra for the service of personal delivery of their packages and acquiring the recipient's signature for delivery.

30. At the time UPS made the representations herein alleged, UPS knew that the representations were false. UPS made the representations herein alleged with the intention of depriving Plaintiff of property or legal rights, including the sums of money paid by Plaintiff and the Plaintiff Class to UPS for the service of obtaining the signature of persons to whom packages were delivered. This conduct of UPS was fraudulent.

31. Defendant's conduct alleged herein constituted deceit within the meaning of California Civil Code sections 1709 and 1710.

32. As a proximate result of UPS's intentional misrepresentations, Plaintiff and members of the Plaintiff Class were damaged in an amount to be proven at trial, including but not limited to the amounts paid by them for the service which was not provided by UPS.

33. The wrongful conduct of UPS, as herein alleged, was intentional and was done with malicious, oppressive, or fraudulent intent. Plaintiff and members of the Plaintiff Class are

therefore entitled to recover punitive damages.

**SECOND CAUSE OF ACTION - NEGLIGENT MISREPRESENTATION**
**(For Damages on Behalf of Plaintiff and the Plaintiff Class)**

34. Plaintiff realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

35. At the time UPS made the misrepresentations herein alleged, UPS had no reasonable grounds for believing the representations to be true and acted negligently in making those representations.

36. As a proximate result of UPS's negligent misrepresentations, Plaintiff and members of the Plaintiff Class were damaged in an amount to be proven at trial, including but not limited to the amounts paid by them for the service which was not provided by UPS.

**THIRD CAUSE OF ACTION - BREACH OF CONTRACT**
**(For Damages on Behalf of Plaintiff and the Plaintiff Class)**

37. Plaintiff realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs.

38. By virtue of the above-alleged conduct, Defendant UPS entered into one or more oral agreements with Plaintiff, evidenced in writing by completed Shipping Records, invoices and other documents, whereby a UPS account was established for the shipping of packages to Heroes Club's customers.

39. Pursuant to the above-alleged agreement, UPS provided Plaintiff with a UPS Shipping Record Book containing forms, or Shipping Records, to be used by Plaintiff to identify the name and address of the customer to whom each package was to be shipped, the manner in which it was to be shipped, information about the package to be shipped and additional services to be provided by UPS in connection with the delivery of the package. On a periodic basis, Plaintiff would regularly complete a Shipping Record for the packages to be delivered by UPS, affix UPS-provided bar-coded shipping labels and tracking numbers to the packages, and provide the completed forms and packages to a UPS representative to be processed for shipping to the customer. Thereafter, UPS would invoice Plaintiff, generally on a monthly basis, for the cost of

the services provided, including both the shipment of the packages and any additional services requested by Plaintiff.

40. Pursuant to the above-alleged agreement(s), UPS offered Plaintiff the optional service, at an additional cost, of providing confirmation of the delivery of the package to the customer and proof that the customer had signed for the package. This additional service could be accepted by Plaintiff by checking a box on the Shipping Record, under the heading "Additional Services" entitled "Delivery Confirm. Signature Required."

41. Throughout the period during which Plaintiff had an account with UPS, and pursuant to UPS instructions, Plaintiff would routinely opt for the additional service of obtaining automatic proof of delivery, including the signature of the recipient, by marking the "Delivery Confirm. Signature Required." box on the Shipping Records.

42. Throughout the period during which Plaintiff had an account with UPS, Defendant routinely breached its agreement with Plaintiff by failing to obtain the signature of the recipients of packages shipped for Plaintiff when Plaintiff had specifically opted for that additional service by so indicating on the Shipping Record. On information and belief, Plaintiff alleges that UPS failed to seek or obtain delivery confirmation with recipient signatures in approximately half of the instances in which signatures were required. Plaintiff further alleges on information and belief that in most, if not all, of those cases, Defendant left the package at the premises of the addressee unattended.

43. Notwithstanding Defendant's failure to perform its obligation under its agreement with Plaintiff by delivering Plaintiffs packages without obtaining recipient signatures when required, Defendant consistently charged Plaintiff for providing such service for each package for which it was requested, regardless of whether the service was actually provided.

44. At all times relevant to this action, Plaintiff performed all of its obligations under its agreement with UPS. In particular, Plaintiff paid all amounts invoiced by UPS on its account, including amounts attributable to the additional service of obtaining proof of delivery with the signature of the recipient, regardless of whether such service was actually provided by UPS.

45. As a direct and proximate result of Defendant's conduct, Plaintiff was damaged in

an amount to be established at trial, including, but not limited to, the amounts paid by Plaintiff to UPS for services not provided.

**FOURTH CAUSE OF ACTION - VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.***
**(For Restitution and Injunctive Relief on Behalf of Plaintiff and the Plaintiff Class)**

46. Plaintiff realleges and incorporates herein by reference the allegations set forth in each of the preceding paragraphs.

47. Plaintiff brings this cause of action on behalf of himself and the Plaintiff Class Class to challenge Defendant's unlawful, unfair, and fraudulent business practices as hereinabove alleged. California Business and Professions Code section 17200 *et seq.*, the "Unfair Competition Law," defines "unfair competition" to include any unlawful, unfair, or fraudulent business act or practice. The Act provides that, in order to remedy a violation of the statute, a court may order, among other remedies, injunctive relief and restitution to affected members of the class.

48. The business acts and practices of UPS, as hereinabove described, constitute an unlawful business practice in violation of the Unfair Competition Law for the reasons set forth below, without limitation:

(a) The business acts and practices violate California Civil Code sections 1709 and 1710 for the reasons set forth in the First and Second Causes of Action, and are therefore unlawful;

(b) The acts and practices violate California Business and Professions Code section 17500 for the reasons set forth in the Fifth Cause of Action and are therefore unlawful; and

(c) The business acts and practices are comprised of a pattern and practice of uniformly breaching a standardized contract between Defendant and the Plaintiff Class.

49. The acts and practices of UPS as hereinabove described constitute unfair business acts and practices in violation of the Unfair Competition Law in that: (1) such acts and practices are substantially injurious economically to consumers and offensive to established state and federal policies, as reflected by the above-described legislation; (2) the utility of UPS's practices

and any legitimate reasons, justifications, and motives for engaging in such conduct, if any, is outweighed by the gravity of the harm to class members and other members of the public; and (3) the conduct is immoral, unethical, oppressive, and/or unscrupulous.

50. In addition, the business acts and practices of Defendant as hereinabove described constitute fraudulent business practices in violation of the Unfair Competition Law in that such acts and practices are likely to deceive and did deceive its California customers as the services that Defendant would provide for the charge imposed.

51. Plaintiff and members of the Plaintiff Class have suffered injury in fact and have lost money or property as a result of Defendant's conduct alleged herein, in that they paid sums of money to UPS for a service that was never provided. Specifically, Plaintiff and members of the Plaintiff Class paid UPS additional fees for the specific purpose of obtaining confirmation of delivery with the recipient's signature. UPS failed to provide that service for approximately half of orders for which it was requested but charged and collected the fee attributable to the service for all such orders.

52. Pursuant to California Business and Professions Code section 17203, Plaintiff seeks and is entitled to an order requiring that UPS restore to Plaintiff and members of the Plaintiff Class all sums acquired by it by means of the unlawful, unfair and fraudulent business practices alleged herein, including all fees paid for the service of acquiring a signature of the recipient of a package where no such signature was obtained, for a period commencing four years prior to the date on which this action was filed.

53. Pursuant to California Business and Professions Code section 17203, Plaintiff individually and on behalf of all members of the Plaintiff Class who are, have been or may be, subjected to these unlawful, unfair, and fraudulent business acts and practices, hereby requests that the Court enjoin such acts and practices. Plaintiff also asks for other relief to prevent such practices in the future and to correct the abuses caused by these practices to date.

54. Plaintiff is entitled to and requests an award of reasonable attorneys' fees, pursuant to California Code of Civil Procedure section 1021.5 and any other applicable statute which allows for the recovery of attorneys' fees, costs, and expenses incurred in bringing this

action.

**FIFTH CAUSE OF ACTION -VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500 *ET SEQ***
**(For Restitution and Injunctive Relief on Behalf of Plaintiffs and the Plaintiff Class)**

55. Plaintiffs reallege and incorporate herein by reference the allegations set forth in each of the preceding paragraphs.

56. At all times material herein Defendant UPS has engaged in advertising to the public, including Plaintiff and members of the Plaintiff Class, in which it represents that it will provide confirmation of delivery of a package shipped by it, with the signature of the recipient, for an additional fee. The advertisements were disseminated to and received by the public in California, including Plaintiff and members of the Plaintiff Class.

57. Defendant UPS engaged in the advertising herein alleged with the intent to induce the public, including members of the Plaintiff Class, to open, maintain and use UPS accounts, to use those accounts to have UPS ship packages and to pay specified sums for the additional service of obtaining delivery confirmation with the recipient's signature.

58. Defendant UPS's advertising was untrue or misleading and likely to deceive the public in that while UPS promised and represented that it would provide delivery confirmation with the recipient's signature, it had established no mechanism for assuring that such confirmation would be provided, knew that it would not be provided in connection with a substantial number of cases in which it was requested, and had no intention of providing such confirmation in all cases.

59. In making and disseminating the statements herein alleged, UPS knew, or by the exercise of reasonable care should have known, that the statements were and are untrue or misleading and so acted in violation of California Business and Professions Code section 17500.

60. The business acts and practices of defendant UPS as hereinabove described also constitute an unfair business practice in violation of the Unfair Competition Law in that such acts and practices are substantially injurious to consumers and offensive to established California public policy.

61. In addition, the business acts and practices of defendant UPS as hereinabove

described constitute a fraudulent business practice in violation of the Unfair Competition Law in that such acts and practices deceive, or are likely to deceive, California consumers with respect to the provision of delivery confirmations, with the recipients' signatures, by UPS.

62. Plaintiff and members of the Plaintiff Class have suffered injury in fact and have lost money or property as a result of Defendant's conduct alleged herein, in that they relied upon the above-alleged representations of UPS and paid sums of money to UPS for a service that was never provided. Specifically, Plaintiff and members of the Plaintiff Class paid UPS additional fees for the specific purpose of obtaining automated confirmation of delivery with the recipient's signature. UPS failed to provide that service for approximately half of orders for which it was requested but charged and collected the fee attributable to the service for all such orders.

63. Pursuant to California Business and Professions Code section 17535, Plaintiff seeks and is entitled to an order requiring that UPS restore to Plaintiff and members of the Plaintiff Class all sums acquired by it by means of the false and misleading advertisement alleged herein, including all fees paid for the service of acquiring a signature of the recipient of a package where no such signature was obtained, for a period commencing four years prior to the date on which this action was filed.

64. Pursuant to California Business and Professions Code section 17535, Plaintiff seeks to enjoin these acts and practices and to obtain restitution of all funds seized from Plaintiff by reason of and through the use of such false advertising. Pursuant to California Business and Professions Code section 17535, Plaintiff, individually, and on behalf of all members of the Plaintiff Class and general public who are, have been, or may be subjected to these unlawful, unfair, and fraudulent business acts and practices of Defendant, hereby requests preliminary and permanent injunctive relief prohibiting such practices in the future, and such other orders as may be necessary to restore to any person in interest, any money or property, which may have been obtained from Plaintiff by means of such false advertising. In addition, pursuant to California Code of Civil Procedure section 1021.5 and other applicable provisions of law, Plaintiff is entitled to recover its reasonable attorneys' fees, costs and expenses incurred in bringing this action.

## ALLEGATIONS SUPPORTING INJUNCTIVE RELIEF

65. Plaintiff Heroes Club continues to be engaged in the business of selling figurines, toys and other items on a retail basis and expects to continue in that business for the indeterminate future. As part of that business, Plaintiff has and will continue to have the need to ship merchandise to customers in response to orders placed by telephone, mail, Internet or other means. In addition, Plaintiff has a need to assure and confirm delivery of the merchandise shipped to customers by requiring that packages be personally delivered and that the signature of the recipient by obtained in connection with the delivery of the package.

66. There is a likelihood that Plaintiff will utilize the services of UPS for shipping merchandise to customers if UPS is required to provide confirmation of delivery with the signature of recipients in accordance with its promises and representations to class members.

67. Plaintiff is informed and believes, and on that basis alleges, that Defendant UPS continues to engage in the unlawful, unfair and fraudulent conduct alleged herein and will continue to engage in such conduct unless and until an order is issued enjoining it from doing so.

68. Unless and until an order is issued enjoining Defendant UPS from engaging in the unlawful, unfair and fraudulent conduct alleged herein, Plaintiff and members of the Plaintiff Class will suffer irreparable harm in that they will be deprived of the ability to reliably ship merchandise to customers through UPS with any assurance that packages will be personally delivered and that signatures will be obtained from recipients as promised or represented by UPS, notwithstanding their payment of an additional fee for such service.

69. There is no adequate remedy at law available for the conduct alleged herein. Although damages and/or restitution will compensate Plaintiff and members of the Plaintiff Class for sums paid to UPS for the "Delivery Confirmation/Signature Required" service, such monetary relief will not assure that packages shipped on behalf of Plaintiff and the Plaintiff Class are personally delivered to and received by the customer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That this Court certify this case as a class action;

2. That this Court find and declare the Defendant's acts and practices as described herein to be unlawful, unfair, and fraudulent;

3. That Plaintiff and the Plaintiff Class be awarded compensatory damages according to proof at trial;

5. That Plaintiff and the Plaintiff Class be awarded punitive damages according to proof at trial;

6. That Defendant be preliminarily and permanently enjoined from engaging in the unlawful, unfair and fraudulent acts and practices alleged herein;

7. That Defendant be ordered to make restitution to all affected members of the Plaintiff Class;

8. That the Court make such orders as may be necessary to restore to Plaintiff and members of the Plaintiff Class any money or property which may have been obtained from them by means of Defendant's unlawful, unfair and fraudulent business practices pursuant to California Business and Professions Code sections 17203 and 17535;

10. That Plaintiff and the Plaintiff Class be awarded pre-judgment interest on all sums collected;

11. That Plaintiff and its counsel be awarded attorneys' fees, costs and expenses; and

12. For such other and further relief as the Court may deem proper.

DATED: July 27, 2007

Respectfully submitted,

THE STURDEVANT LAW FIRM
A Professional Corporation

HEDANI, CHOY, SPALDING & SALVAGIONE, LLP

By: [signature]
MARK T. JOHNSON
Attorneys for Plaintiff

Z:\429_Heroes Club v. UPS\Pleadings\P-complaint - FINAL.wpd

COPY

JAMES C. STURDEVANT (SBN 94551)
MARK T. JOHNSON (SBN 76904)
ALEXIUS MARKWALDER (SBN 227004)
THE STURDEVANT LAW FIRM
A Professional Corporation
475 Sansome Street, Suite 1750
San Francisco, CA 94111
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

RANDALL P. CHOY (SBN 83194)
Hedani, Choy, Spalding & Salvagione, LLP
595 Market Street, Ste. 1100
San Francisco, CA 94105
Telephone: (415) 778-0800
Facsimile: (415) 778-0700

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**UNLIMITED JURISDICTION**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| HEROES CLUB, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., and DOES 1-50,<br><br>Defendants. | CASE NO. CGC-07-465547<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION PURSUANT TO GENERAL ORDER RE: PROCEDURE FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION** |

The Court has considered and reviewed Plaintiff's Application for Approval of Complex Designation Pursuant to General Order Re: Procedure for Approval of Complex Litigation Designation. After fully considering the Application, and good cause appearing:

**IT IS HEREBY ORDERED THAT** Plaintiff's Application for Approval of Complex Designation Pursuant to General Order Re: Procedure for Approval of Complex Litigation Designation is **GRANTED**. The issues presented in the Class Action Complaint support its designation as complex pursuant to California Rules of Court, rule 3.400 *et seq.* and its exemption from Case Management Plan 1. Accordingly, this case shall be assigned for all purposes to Department 304.

Dated: ____________________

____________________
The Honorable Judge of the Superior Court

Z:\429_Heroes Club v. UPS\Pleadings\P-app for complex designation-order.wpd

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to this action. I am a resident of the State of California and am employed in the County of San Francisco. My business address is The Sturdevant Law Firm, 475 Sansome Street, Suite 1750, San Francisco, California 94111. On August 3, 2007, I served a true and correct copy of the document(s) described below on the parties and/or their attorney(s) of record to this action in the manner indicated:

**[PROPOSED] ORDER GRANTING PLAINTIFF'S APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION PURSUANT TO GENERAL ORDER RE: PROCEDURE FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION**

[✓] **U.S. MAIL:** I am employed in the county where the mailing occurred. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, such correspondence is deposited with the United States Postal Service in a sealed envelope or package that same day with first-class postage thereon fully prepaid. On the date indicated above, I placed the document(s) listed above in a sealed envelope or package with first-class postage thereon fully prepaid, and placed the envelope or package for collection and mailing today with the United States Postal Service at San Francisco, California addressed as set forth on the attached service list. The address(es) shown on the attached service list is (are) the same as shown on the envelope or package. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit. CCP §§ 1013(a)-(b), 1013a, FRCP § 5(b), FRAP §§ 5(c)-(d).

[✓] **MESSENGER SERVICE:** I am readily familiar with this firm's practice for the collection and processing of correspondence for hand delivery by messenger service. In the ordinary course of business, such correspondence is deposited with a professional messenger service in a sealed envelope or package for delivery that same day. On this date, I placed the document(s) listed above in a sealed envelope or package addressed as set forth on the attached service list. The address(es) shown on the attached service list is (are) the same as shown on the envelope or package. I delivered the envelope or package to a messenger authorized by the messenger service to receive documents. The messenger was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery. If required, the actual server's original proof of personal service will be filed with the court. CCP § 1011, FRCP § 5(b), FRAP §§ 5(c)-(d).

[ ] **FACSIMILE:** Based on agreement of the parties to accept service by fax transmission, I transmitted by facsimile machine the document(s) listed above to the fax number(s) set forth on the attached service list on this date at approximately _____. The outgoing facsimile machine telephone number is (415) 477-2420. The facsimile machine used creates a transmission report for each outgoing facsimile transmitted. A copy of the transmission report(s) for the service of the document(s), properly issued by the facsimile machine that transmitted the document(s) and showing that such transmission(s) was (were) completed without error, is attached hereto. I, thereafter, mailed a copy to the same party(ies) by placing true copies of the document(s) in a sealed envelope or package with first-class postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth on the attached service list. The address(es) set forth on the attached service list is (are) the same as shown on the envelope or package. CCP §§ 1013(e)-(f), CRC 2008, N.Dist. Civil L.R. 5-5.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. 28 U.S.C. § 1746.

Executed on August 3, 2007, at San Francisco, California.

Amber Rocha

Amber Rocha

## SERVICE LIST

| ADDRESSEE(S) | PARTY(IES) REPRESENTED |
|---|---|
| ***Via Messenger Service***<br>Agent for Service of Process<br>United Parcel Service, Inc.<br>2730 Gateway Oaks Drive, Suite 100<br>Sacramento, CA 95833 | Defendants |
| ***Via U.S. Mail***<br>Randall P. Choy<br>Hedani, Choy, Spalding & Salvagione, LLP<br>595 Market Street, Ste. 1100<br>San Francisco, CA 94105 | Plaintiffs |