1   PAUL T. FRIEDMAN (CA SBN 98381)
    PFriedman@mofo.com
2   ANNEMARIE C. O'SHEA (CA SBN 157988)
    AOShea@mofo.com
3   SARA MAHDAVI (CA SBN 245791)
    SMahdavi@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone: 415.268.7000
6   Facsimile: 415.268.7522

7   Attorneys for Defendant
    UNITED PARCEL SERVICE, INC.

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13   HEROES CLUB, INC., a California Corporation,      Case No. 07-4422 JCS

14                        Plaintiff,                   **DEFENDANT UNITED PARCEL
                                                       SERVICE, INC.'S NOTICE OF
15           v.                                        MOTION AND MOTION FOR
                                                       JUDGMENT ON THE
16   UNITED PARCEL SERVICE, INC., and DOES            PLEADINGS; MEMORANDUM
     1-50,                                             OF POINTS AND AUTHORITIES
17                                                     IN SUPPORT THEREOF**
                          Defendants.
18                                                     Date:    December 14, 2007
                                                       Time:    9:30 a.m.
19                                                     Courtroom: A

20

21

22

23

24

25

26

27

28

1    **NOTICE OF MOTION AND MOTION**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that on December 14, 2007 at 9:30 a.m., or as soon thereafter as

4    the matter may be heard, in the courtroom of the Honorable Joseph C. Spero, United States

5    District Court, Courtroom A, 15th Floor, 450 Golden Gate Ave., San Francisco, California 94102,

6    Defendant United Parcel Service, Inc. ("UPS") will and hereby does move this Court, pursuant to

7    Federal Rule of Civil Procedure 12(c), to enter judgment for UPS as a matter of law.

8    UPS moves for judgment on the pleadings on the following bases:  First, Plaintiff Heroes

9    Club, Inc.'s claims are related to UPS's prices and services and, except for a routine breach of

10   contract claim, are preempted by the Federal Aviation Administration Authorization Act of 1994

11   ("FAAAA"), 49 U.S.C. §§ 14501(c)(1) and 41713(b)(4).  Second, to the extent a routine breach

12   of contract claim by Plaintiff is based on packages delivered before January 27, 2006, Plaintiff's

13   claim is barred by the 18-month statute of limitations that federal law imposes on claims against

14   package carriers for alleged overcharges.  *See Emmert Indus. Corp. v. Artisan Assocs., Inc.*, 497

15   F.3d 982 (9th Cir. 2007).  Finally, Plaintiff fails to allege that it fulfilled contractual and statutory

16   conditions precedent to recovery, which bars any surviving breach of contract claim.

17   Accordingly, UPS respectfully requests this Court to enter judgment for UPS as a matter of law.

18

19

20

21

22

23

24

25

26

27

28

1         This motion is based on this Notice of Motion and Motion, the accompanying

2    Memorandum of Points and Authorities, the Declaration of Annemarie C. O'Shea and

3    accompanying Exhibits (filed herewith), all pleadings and papers on file in this action, and such

4    other written and oral argument as may be presented to the Court.

5    Dated: November 9, 2007                    PAUL T. FRIEDMAN
                                                 ANNEMARIE C. O'SHEA
6                                                SARA MAHDAVI
                                                 MORRISON & FOERSTER LLP
7

8
                                      By:  /s/  Paul T. Friedman
9                                          _____
                                           Paul T. Friedman
10
                                           Attorneys for Defendant
11                                         UNITED PARCEL SERVICE, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

**Page**

3

NOTICE OF MOTION AND MOTION..................................................................................i

4

TABLE OF AUTHORITIES.............................................................................................v

5

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................1

6

STATEMENT OF ISSUES ..............................................................................................1

7

INTRODUCTION .........................................................................................................2

8

BACKGROUND ...........................................................................................................4

9

I.      PLAINTIFF'S CONTRACTS WITH UPS. ..............................................................4

10

      A.      The Shipping Contracts...............................................................................4

11

      B.      The Shipping Contract Notice and Dispute Provisions.................................4

12

II.     ALLEGATIONS OF THE COMPLAINT..................................................................5

13

STANDARD FOR JUDGMENT ON THE PLEADINGS ..........................................................6

14

ARGUMENT ................................................................................................................7

15

I.      THE FAAAA PREEMPTS PLAINTIFF'S COMPLAINT EXCEPT FOR

16

      A ROUTINE BREACH OF CONTRACT CLAIM...........................................................7

17

      A.      The FAAAA Broadly Preempts Claims That Relate To UPS's

               Prices Or Services. ......................................................................................7

18

      B.      The *Wolens* Exception Allows Only A Routine Breach Of Contract

19

               Claim. ........................................................................................................9

20

      C.      Plaintiff's Claims Fall Within The Scope Of FAAAA Preemption. ...................10

21

      D.      Plaintiff's Claims And Requested Relief Relying On State Laws

               And Policies Are Preempted By The FAAAA. .................................................11

22

             1.      Plaintiff's Fraud And Negligent Misrepresentation Claims

23

                  Are Preempted..........................................................................11

24

             2.      Plaintiff's Claims Under California's Unfair Competition

                  Law And False Advertising Act Are Preempted.............................13

25

              3.      Plaintiff's Demands For Equitable Relief, Punitive

26

                  Damages, And Attorneys' Fees Are Preempted. ............................14

27

II.     PLAINTIFF'S CLAIMS ACCRUING PRIOR TO JANUARY 27, 2006

      ARE TIME-BARRED AS A MATTER OF LAW. ......................................................16

28

1

III.    PLAINTIFF'S FAILURE TO ALLEGE THAT IT NOTIFIED UPS OF
        DISPUTED INVOICES BARS ANY REMAINING CLAIMS.....................................18

2

        A.    Plaintiff Failed To Allege Satisfaction Of A Contractual Condition
              Precedent To Recovery. .................................................................................18

3

4

        B.    Plaintiff Failed To Satisfy A Statutory Condition Precedent To
              Recovery...........................................................................................................20

5

CONCLUSION.............................................................................................................21

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

*American Airlines, Inc. v. Wolens,*
  513 U.S. 219 (1995) ............................................................................... *passim*

*Arctic Express, Inc. v. Del Monte Fresh Produce NA, Inc.,*
  No. C2-06-435, 2007 U.S. Dist. LEXIS 23801
  (S.D. Ohio Mar. 30, 2007) ................................................................................. 17

*Barber Auto Sales, Inc. v. United Parcel Serv., Inc.,*
  494 F. Supp. 2d 1290 (N.D. Ala. 2007) ........................................................ *passim*

*Branch v. Tunnell,*
  14 F.3d 449, 32 Fed. Appx. 213 (9th Cir. 2002) ........................................... 6 n.3

*Brownstein v. Am. Airlines,*
  No. C-05-3435 JCS, 2005 U.S. Dist. LEXIS 30295
  (N.D. Cal. Nov. 7, 2005) ............................................................................ 13, 14

*Cahill v. Liberty Mutual Ins.,*
  80 F.3d 336 (9th Cir. 1996) ............................................................................ 5 n.2

*CGH Transport, Inc. v. Quebecor World Logistics, Inc.,*
  No. 05-209-JBC, 2006 U.S. Dist. LEXIS 22657
  (E.D. Ky. Apr. 24, 2006) ................................................................................... 17

*Californians for Safe & Competitive Dump Truck Transp. v. Mendonca,*
  152 F.3d 1884 (9th Cir. 1998) .............................................................................. 9

*Carolina Traffic Servs. of Gastonia, Inc. – Pet. for Declaratory Order ("CTS"),*
  No. 41689, 1996 STB LEXIS 189 (STB June 7, 1996) .................................. 17, 20

*Carsten v. United Parcel Serv., Inc.,*
  No. CIV S-95-862 WBS/JFM, 1996 U.S. Dist. LEXIS 5798
  (E.D. Cal. Mar. 20, 1996) ......................................................................... 13 n.7, 14

*Cates Constr., Inc. v. Talbot Partners,*
  21 Cal. 4th 28 (1999) ......................................................................................... 15

*Deerskin Trading Post, Inc. v. United Parcel Serv., Inc.,*
  972 F. Supp. 665 (N.D. Ga. 1997) ................................................................. 12, 14

*EIJ, Inc. v. United Parcel Serv., Inc.,*
  No. CV 03-7301 CBM (JWJx), 2004 U.S. Dist. LEXIS 18481
  (C.D. Cal. Sep. 8, 2004) ..................................................................................... 11

*Elliot v. Fortis Benefits Ins. Co.,*
  337 F.3d 1138 (9th Cir. 2003) .............................................................................. 7

*Emmert Indus. Corp. v. Artisan Assocs., Inc.,*
  497 F.3d 982 (9th Cir. 2007) ............................................................... 3, 16, 18 n.8

*Fitz-Gerald v. Skywest Airlines, Inc.*,
   155 Cal. App. 4th 411 (Cal. App. 2007) .................................................................. 13 n.7

*Geraci v. Homestreet Bank*,
   347 F.3d 749 (9th Cir. 2003) ...........................................................................................7

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
   896 F.2d 1542 (9th Cir. 1989) ........................................................................................6

*Holmstrom v. United Parcel Serv., Inc.*,
   No. EDCV 02-00683-VAP (SGLx), 2002 U.S. Dist. LEXIS 26617
   (C.D. Cal. Sep. 18, 2002) ..............................................................................................11

*In re Apex Express Corp.*,
   190 F.3d 624 (4th Cir. 1999) ........................................................................................17

*In Re Century 21-Re/Max Real Estate Adver. Claims Litig.*,
   882 F. Supp. 915 (C.D. Cal. 1994) ............................................................................ 6 n.3

*In re EVIC Class Action Litigation*,
   No. M-21-84 (RMB), 2002 U.S. Dist. LEXIS 14049
   (S.D.N.Y. July 31, 2002) ....................................................................... 11, 12, 13 n.7

*In re JetBlue Airways Corp. Privacy Litig.*,
   379 F. Supp. 2d 299 (E.D.N.Y. 2005).................................................................... 13 n.7

*Indep. Towers of Wash. v. State of Wash.*,
   350 F.3d 925 (9th Cir. 2003) ..........................................................................................9

*Kansas City S. Ry. Co. v. Wolf*,
   261 U.S. 133 (1923)......................................................................................................17

*Kelley v. United States*,
   69 F.3d 1503 (10th Cir. 1995) ........................................................................................8

*Kesel v. United Parcel Serv., Inc.*,
   339 F.3d 849 (9th Cir. 2003) ..........................................................................................4

*Learning Links, Inc. v. UPS of Am., Inc.*,
   No. 03-7902 (DAB), 2006 U.S. Dist LEXIS 13574
   (S.D.N.Y. Mar. 27, 2006).......................................................................................... 18 n.8

*Learning Links v. UPS of Am., Inc.*,
   No. 03-7902, 2006 U.S. Dist. LEXIS 60542
   (S.D.N.Y. Aug. 24, 2006)........................................................................................... 18 n.8

*Morales v. Trans World Airlines, Inc.*,
   504 U.S. 374 (1992)........................................................................................ 8, 9, 10, 11

*Nat'l Ass'n of Freight Transp. Consultants, Inc. - Pet. for Declaratory Order*,
   No. 41826, 1997 STB LEXIS 80 (STB Apr. 21, 1997) ........................................17-18, 20

*Philips Elecs. N. Am. Corp. - Pet. for Declaratory Order*,
   No. 42013, 2000 STB LEXIS 253 (STB May 5, 2000)......................................................20-21

*Power Standards Lab, Inc. v. Fed. Express Corp.*,
  127 Cal. App. 4th 1039 (2005), *cert. denied*, 546 U.S. 1171 (2006)......................................15

*Reliance Ins. Co. v. Federal Express Corp.*,
  No. 84-6498, 1985 WL 2241 (S.D.N.Y. Aug. 1, 1985) ........................................................19

*Rockwell v. United Parcel Serv., Inc.*,
  No. 2:99-CV-57, 1999 U.S. Dist. LEXIS 22036
  (D. Vt. July 7, 1999)..............................................................................................................12

*Sam L. Majors Jewelers v. ABX, Inc.*,
  117 F.3d 922 (5th Cir. 1997) ........................................................................................13 n.7

*State Collections, Inc. v. United Parcel Serv., Inc.*,
  No. C 01-00707 CAL ARB, 2001 U.S. Dist. LEXIS 4865
  (N.D. Cal. Apr. 12, 2001).....................................................................................................4, 6

*Statland v. Am. Airlines, Inc.*,
  998 F.2d 539 (7th Cir. 1993) ........................................................................................13 n.7

*Taisho Marine & Fire Ins. Co., Ltd. v. The Vessel "Gladiolus,"*
  762 F.2d 1364 (9th Cir. 1985) ..............................................................................................19

*Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*,
  73 F.3d 1423 (7th Cir. 1996) ...........................................................................................9 n.5

*Underwood Cotton Co. v. Hyundai Merchant Marine (Am.), Inc.*,
  288 F.3d 405 (9th Cir. 2002) ..................................................................................................7

*United Airlines, Inc. v. Mesa Airlines, Inc.*,
  219 F.3d 605 (7th Cir. 2000) ................................................................................................15

*United Parcel Service, Inc. v. Flores-Galarza*,
  318 F.3d 323 (1st Cir. 2003)...................................................................................................8

*Vieria v. United Parcel Serv., Inc.*,
  No. C-95-04697 CAL ARB, 1996 U.S. Dist. LEXIS 11223
  (N.D. Cal. Aug. 5, 1996) ......................................................................................................12

*W. Parcel Express v. United Parcel Serv., Inc.*,
  No. C 96-1526-CAL, 1996 U.S. Dist. LEXIS 18138
  (N.D. Cal. Dec. 3, 1996),
  *aff'd on other grounds*, 190 F.3d 974 (9th Cir. 1999)...................................................7, 13 n.7

*Warren v. Fox Family Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003) .........................................................................................6 n.3

*Williams v. Fed. Express Corp.*,
  No. CV 99-06252 MMM (BQRx), 1999 U.S. Dist. LEXIS 22758
  (C.D. Cal. Oct. 6, 1999) ........................................................................................................19

# STATUTES AND RULES

49 U.S.C.
§ 1305(a)(1) ...................................................................................................... 8
§ 13710(a)(3)(B) ...................................................................................... 1, 3, 5, 20
§ 14501(c)(1) ................................................................................................ 1, 2, 7
§ 14705 .................................................................................................... 3, 17, 18
§ 14705(a) ............................................................................................. 16, 18 n.8
§ 14705(b) ........................................................................................ 1, 2, 16, 18 n.8
§ 14705(g) ....................................................................................................... 16
§ 41713(b)(1) ............................................................................................... 8 n.4
§ 41713(b)(4) ..................................................................................................... 1
§ 41713(b)(4)(A) ............................................................................................ 2, 7

H.R. Conf. Rep. No. 103-677 (1994), *reprinted in* 1994 U.S.C.A.N.N. 1715 ............................... 8

Fed. R. Civ. P.
9(c) ............................................................................................................ 5, 19
12(c) ...................................................................................................... 6 & n.3

Cal. Bus. & Prof. Code
§17200 ........................................................................................................ 2, 13
§17500 ........................................................................................................... 2

Cal. Civ. Code
§ 3300 ........................................................................................................... 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES

1.     Whether the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§ 14501(c)(1) and 41713(b)(4), which bars any state from enforcing any law "related to a price, route, or service" of any motor, air, or intermodal air/ground carrier, preempts all of Plaintiff's claims and requested relief, except a routine breach of contract claim seeking recovery solely to enforce UPS's self-imposed, contractual undertakings with no enlargement or enhancement based on state laws or policies external to the parties' agreement.

2.     Whether Plaintiff's claims alleged to have occurred before January 27, 2006, are barred under 49 U.S.C. § 14705(b), which requires that all claims "to recover overcharges" by a carrier be brought "within 18 months after the claim accrues."

3.     Whether Plaintiff's shipping contract and 49 U.S.C. § 13710(a)(3)(B) — both of which require a shipper to contest a shipping charge in writing within 180 days of receiving a bill in order to have the right to bring a claim against the carrier — bar Plaintiff's claims.

**INTRODUCTION**

In this putative class action, Plaintiff Heroes Club, Inc. ("Plaintiff") alleges that it paid for, but did not receive, certain shipping services from United Parcel Service, Inc. ("UPS") during the four years in which it had a UPS shipping account. Plaintiff alleges that, pursuant to its shipping contract with UPS, it requested and paid for UPS to obtain a signature on delivery of Plaintiff's packages but UPS failed to do so for approximately half the shipments, and failed to refund to Plaintiff the additional charge for the delivery signature service. Plaintiff contends that UPS is liable to Plaintiff and other members of the purported class for breach of contract, fraud, negligent misrepresentation, and violation of California's unfair competition and false advertising statutes, Business and Professions Code sections 17200 and 17500, *et seq.*

UPS is entitled to judgment in its favor on all of Plaintiff's claims.

First, the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") expressly preempts all of Plaintiff's claims, except for a routine breach of contract claim seeking only compensatory damages. The FAAAA precludes enforcement of any state law "related to a price, route, or service of any motor carrier." 49 U.S.C. § 14501(c)(1); *see also* 49 U.S.C. § 41713(b)(4)(A). Plaintiff's claims for equitable relief fall within this prohibited territory because they directly relate to the services that UPS provided in delivering Plaintiff's and putative class members' packages, and the prices charged for those services. Plaintiff's claims are directly contrary to the Congressional mandate and explicit Supreme Court authority providing that transportation of property is governed exclusively by federal law. The only cause of action that can survive FAAAA preemption is a routine breach of contract claim seeking solely to enforce UPS's self-imposed undertakings with no enlargement or enhancement based on state laws or policies external to the parties' agreement. To the extent that Plaintiff seeks declaratory relief, punitive damages, to void its contracts, or to enlarge or enhance its claims based upon state laws or policies external to its UPS shipping agreement, the FAAAA preempts Plaintiff's contract claim as well.

Second, Plaintiff's breach of contract claims based on alleged overcharges occurring before January 27, 2006, are time-barred. Under 49 U.S.C. § 14705(b), any shipper seeking to

1    recover charges must bring an action within *18 months* after the claim accrues.  The Ninth Circuit

2    recently confirmed that § 14705 bars breach of contract claims to recover charges that accrued

3    prior to the 18-month limitations period.  *See Emmert Indus. Corp. v. Artisan Assocs., Inc.*, 497

4    F.3d 982, 989-90 (9th Cir. 2007).  To the extent Plaintiff seeks recovery for claims accruing

5    before January 27, 2006 — the date 18 months prior to the filing of the Complaint — those

6    claims are time-barred and should be dismissed with prejudice.

7         Third, to the extent any claims are not otherwise barred, UPS is entitled to judgment

8    because Plaintiff failed to allege compliance with contractual and statutory notice requirements.

9    The shipping contract required shippers (like Plaintiff here) to notify UPS of any disputed invoice

10   within 180 days of receiving the contested invoice, or the dispute is waived.  Federal law imposes

11   the same requirement:  Under 49 U.S.C. § 13710(a)(3)(B), shippers must dispute charges within

12   180 days of receiving a contested invoice as a precondition to bringing suit.  Moreover, since

13   2005, Plaintiff's contracts with UPS expressly have obligated Plaintiff to plead satisfaction of the

14   notice requirement as a contractual condition precedent to recovery on any complaint against UPS

15   arising from a disputed invoice, which Plaintiff has not done.

16        Accordingly, for the reasons set forth below, all of Plaintiff's claims should be dismissed

17   and UPS is entitled to judgment as a matter of law.

18

19

20

21

22

23

24

25

26

27

28

1

**BACKGROUND**

2

I.      **PLAINTIFF'S CONTRACTS WITH UPS.**

3

        A.      **The Shipping Contracts.**

4              Plaintiff alleges that, beginning in July 2003, it had a shipping account with UPS and

5      entered into agreements with UPS for transportation services.  (Compl. ¶¶ 15, 38-40.)  To obtain

6      the shipping services, UPS provided Plaintiff with a "Shipping Record Book," which contained

7      shipping records to be completed by Plaintiff to obtain services for each specific package to be

8      shipped via UPS, including a service by which UPS would obtain a signature on delivery of a

9      package for an additional fee.  (*Id.* ¶¶ 39, 42.)  The terms and conditions of the shipping contract

10     are set forth in the shipping record, and in the UPS Rate and Service Guide, each of which

11     incorporates the terms of the UPS Tariff.  *See Kesel v. United Parcel Serv., Inc.*, 339 F.3d 849,

12     852 (9th Cir. 2003) (noting that "UPS's shipping agreement with [plaintiff] comprised the air

13     waybill . . ., the Guide to UPS Services . . ., and UPS's General Tariff"); *State Collections, Inc. v.*

14     *United Parcel Serv., Inc.*, No. C 01-00707 CAL ARB, 2001 U.S. Dist. LEXIS 4865, at *2-3

15     (N.D. Cal. Apr. 12, 2001) ("It is well established that the shipping documents . . ., the UPS Tariff,

16     and the Guide to UPS Services are part of the contract between UPS and the shipper. . . .   Indeed,

17     the terms of these contract documents are binding on a shipper even if a shipper is not aware of

18     them.") (citations omitted); *see also*   These contract documents — the UPS shipping records, the

19     UPS Tariff, and the UPS Rate and Service Guide — are collectively referred to as the "UPS

20     Shipping Contract."[1]

21             B.      **The Shipping Contract Notice and Dispute Provisions.**

22             Under the UPS Shipping Contract, a shipper is required to notify UPS of any disputed

23     shipping charges within 180 days of receiving a contested invoice, or the billing dispute is

24     waived.  (Ex. A (2007) at 3; Ex. B (2006) at 6, 9, 14, 16; Ex. C (2005) at 20, 24, 28, 32, 35; Ex. D

25     (2004) at 41, 43, 47; Ex. E (2003) at 51, 54, 57.)  This notice provision is an express condition

26

27             [1] Relevant excerpts of the UPS Rate and Service Guide and UPS Tariff in effect for the
       period 2003-2007 are attached as exhibits to the Declaration of Annemarie O'Shea.

28

1  precedent to Plaintiff's recovery for any disputed invoice.  (Ex. A at 4); *see Barber Auto Sales,*

2  *Inc. v. United Parcel Serv., Inc.*, 494 F. Supp. 2d 1290, 1295-96 (N.D. Ala. 2007).  In addition,

3  federal law imposes the same 180-day notice requirement as a condition precedent to recovery.

4  *See* 49 U.S.C. § 13710(a)(3)(B).

5  While pleading satisfaction of conditions precedent has long been a requirement under

6  Rule 9(c) of the Federal Rules of Civil Procedure, since 2005, UPS's Shipping Contract also has

7  provided that any complaint against UPS arising from a disputed invoice must expressly plead

8  that Plaintiff notified UPS of the dispute within 180 days of receiving the invoice.  (Ex. A at 4;

9  Ex. B at 10, 16; Ex. C at 14, 29, 33, 37 ("All claims against UPS arising from or related to the

10  provision of services by UPS . . . shall be extinguished unless the shipper . . . pleads on the face of

11  any complaint filed against UPS satisfaction and compliance with those notice and claims periods

12  as a contractual condition precedent to recovery.").)  *See also Barber Auto*, 494 F. Supp. 2d at

13  1292.  The failure to comply with the notice and pleading provision bars any claims Plaintiff may

14  bring arising from a disputed invoice, and the failure to plead compliance results in dismissal of

15  the Complaint.

16  **II.    ALLEGATIONS OF THE COMPLAINT.**

17  The Complaint alleges that UPS provides shipping and related services in California and

18  elsewhere, "including but not limited to the service for an additional fee, of providing delivery

19  confirmation with the signature of the person to whom a package is delivered."[2]  (Compl. ¶¶ 3,

20  14.)  According to the Complaint, "UPS has charged and continues to charge an additional fee

21  over and above the cost of shipping" for this service.  (*Id.* ¶ 16.)  Plaintiff alleges that it selected

22  the delivery confirmation signature service, that UPS charged and collected this additional fee

23  from Plaintiff, and that UPS "retained that fee" even when UPS allegedly failed to obtain the

24  signature of addressees.  (*Id.* ¶¶ 17, 19, 43.)  The Complaint does not identify any specific

25

26  [2] Solely for purposes of this motion, UPS accepts as true the well-pleaded factual
allegations contained in the Complaint.  *See, e.g., Cahill v. Liberty Mutual Ins.,* 80 F.3d 336, 337-

27  38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light
favorable to the nonmoving party in ruling on motion to dismiss).

28

1    deliveries for which Plaintiff claims it did not receive this service.  Plaintiff nonetheless alleges

2    that UPS "breached its agreement with Plaintiff" by failing to obtain delivery confirmation

3    signatures when Plaintiff had opted for this service "by so indicating on the Shipping Record."

4    (*Id.* ¶¶ 40-42.)

5         Plaintiff seeks to represent a putative class of "business entities in California" who, since

6    July 2003, "paid UPS a separate fee for obtaining the signature of the person to whom the

7    package is delivered."  (*Id.* ¶ 7.)  Plaintiff alleges that UPS is liable to Plaintiff and the purported

8    class for compensatory damages, including "the amounts paid by them for the service," and

9    punitive damages.  (*Id.* ¶¶ 32-33, 36, 45.)  Plaintiff also seeks restitution of "all fees paid for the

10   service," injunctive relief, and attorneys' fees.  (*Id.* ¶¶ 52-54, 63-69, & p. 15.)

11                     **STANDARD FOR JUDGMENT ON THE PLEADINGS**

12        Judgment on the pleadings is properly granted "when the moving party clearly establishes

13   on the face of the pleadings that no material issue of fact remains to be resolved and that it is

14   entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,*

15   896 F.2d 1542, 1550 (9th Cir. 1989); *see also* Fed. R. Civ. P. 12(c).

16        In ruling on this motion, this Court may properly consider the UPS Shipping Contract.

17   (*See* Compl. ¶¶ 15, 38-44).  Where, as here, a claim arises from a contract, "this Court may

18   properly consider documents; such as the UPS Tariff and the Guide to UPS Services, which

19   contain material terms of the contract at issue, but are not attached to the complaint."  *State*

20   *Collections*, 2001 U.S. Dist. LEXIS 4865, at *3 (granting defendant's motion to dismiss).[3]

21

22        [3] This Court can consider the terms set forth in the shipping contract in ruling on this
     motion because Plaintiff relies on them, they are referred to in the Complaint, and their
23   authenticity is not questioned.  *See Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994), *rev'd in
     part on other grounds*, 32 Fed. Appx. 213 (9th Cir. 2002) (district court ruling on motion to
24   dismiss may consider documents whose contents are alleged in the complaint, whose authenticity
     no party questions, but which are not physically attached to the complaint); *see also Warren v.
25   Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003) (a district court may
     properly consider documents on which a plaintiff's complaint necessarily relies and whose
26   authenticity is not contested); *In re Century 21-Re/Max Real Estate Adver. Claims Litig.*,
     882 F. Supp. 915, 921 (C.D. Cal. 1994) (applying same reasoning to 12(c) motion on the
27   pleadings).

28

1    Judgment on the pleadings is proper where, as here, claims are preempted, barred by

2    statutes of limitations, or foreclosed by failure to allege either sufficient facts or a cognizable

3    legal theory. *See, e.g.*, *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1141-42, 1147 (9th Cir.

4    2003) (affirming district court's grant of judgment on the pleadings where state claims were

5    preempted by federal law); *Underwood Cotton Co. v. Hyundai Merchant Marine (Am.), Inc.*,

6    288 F.3d 405, 407, 411 (9th Cir. 2002) (affirming district court's grant of judgment on the

7    pleadings where statute of limitations barred the claim); *Geraci v. Homestreet Bank*, 347 F.3d

8    749, 752 (9th Cir. 2003) (affirming district court's grant of judgment on the pleadings where

9    plaintiffs "could not state facts to establish a violation").

10                                    **ARGUMENT**

11   I.    **THE FAAAA PREEMPTS PLAINTIFF'S COMPLAINT EXCEPT FOR A**
          **ROUTINE BREACH OF CONTRACT CLAIM.**
12
          A.    **The FAAAA Broadly Preempts Claims That Relate To UPS's Prices Or**
13              **Services.**

14   Through the express preemption provisions of the Federal Aviation Administration

15   Authorization Act of 1994 ("FAAAA"), Congress has barred any state from "*enact[ing] or*

16   *enforc[ing] a law, regulation, or other provision having the force and effect of law related to a*

17   *price, route, or service*" of any motor carrier, air carrier, or intermodal air/ground carrier with

18   respect to the transportation of property.  49 U.S.C. §§ 14501(c)(1), 41713(b)(4)(A) (emphasis

19   added).  An identically-worded provision prohibits states from enacting or enforcing a "law,

20   regulation, or other provision having the force and effect of law" related to a "price, route, or

21   service of" a motor carrier affiliated with an air carrier.  *See* 49 U.S.C. § 41713(b)(4)(A).  Each of

22   these provisions applies to UPS, which uses both ground and air transportation.  *See, e.g., W.*

23   *Parcel Express v. United Parcel Serv., Inc.*, No. C 96-1526 CAL, 1996 U.S. Dist. LEXIS 18138

24   (N.D. Cal. Dec. 3, 1996), *aff'd on other grounds,* 190 F.3d 974 (9th Cir. 1999).

25   The FAAAA preemption provisions were enacted to eliminate a "patchwork" of state

26   regulation that had created "a huge problem for national and regional carriers attempting to

27   conduct a standard way of doing business"; through preemption, Congress intended that

28   "[s]ervice options will be dictated by the marketplace," rather than through the diverse laws and

1  policies of the fifty states.  H.R. Conf. Rep. No. 103-677, at 87-88 (1994), *reprinted in*

2  1994 U.S.C.C.A.N. 1715, 1759-60; *accord Kelley v. United States*, 69 F.3d 1503, 1508 (10th Cir.

3  1995) (FAAAA preemption "clearly serves to eliminate the 'patchwork' of varying state

4  regulations that concerned Congress").  To achieve this goal, Congress expressly incorporated

5  "the broad preemption interpretation adopted by the United States Supreme Court in *Morales v.*

6  *Trans World Airlines, Inc.,* 504 U.S. [374 (1992)]."  H.R. Conf. Rep. No. 103-677, at 83,

7  *reprinted in* 1994 U.S.C.C.A.N. at 1755.  *See also United Parcel Service, Inc. v. Flores-Galarza,*

8  318 F.3d 323, 335 (1st Cir. 2003) (noting the "broad reach" of the FAAAA preemption provision,

9  and that it is "consistent with the purpose animating the FAA Authorization Act, and Airline

10  Deregulation Act, which sought to prevent states from interfering with the goal of federal

11  deregulation of air transportation by imposing regulations of their own.").

12         In *Morales*, the Supreme Court interpreted the virtually identical preemption provision

13  contained in the Airline Deregulation Act of 1978 ("ADA"), which preempts states from:

14             "enact[ing] or enforc[ing] any law, rule, regulation, standard, or
              other provision . . . *relating to rates, routes, or services* of any air
15             carrier . . . ."

16  *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (quoting former 49 U.S.C.

17  § 1305(a)(1)) (emphasis added).[4]  The specific issue in *Morales* was whether state consumer

18  protection laws could be used to enforce National Association of Attorneys General guidelines

19  concerning advertising of airline fares.  The Supreme Court concluded that any such action was

20  preempted because state regulations restricting fare advertisements have an "express reference to

21  fares" and plainly "'relate to' airline rates."  *Id.* at 388.  *See also id.* at 383 (the statutory language

22  "express[es] a broad preemptive purpose").  The Court also held that the action was preempted

23  because the proposed restrictions on fare advertising necessarily would have a "forbidden,

24  significant effect upon fares."  *Id.* at 388-89.

25

26  _____

27         [4] The current version of the ADA contains identical language:  "*related to a price*, route,
    or *service*" of an air carrier.  49 U.S.C. § 41713(b)(1) (emphasis added).

28

1    The Ninth Circuit expressly has recognized that "Congress endorsed the 'broad

2  preemption interpretation' adopted by the Court in *Morales*." *Californians for Safe &*

3  *Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1188 n.5 (9th Cir. 1998) (citation

4  omitted).  It also has recognized that "[t]he phrase 'related to' is interpreted quite broadly:  '[a]

5  state or local regulation is related to the price, route, or service of a motor carrier if the regulation

6  has more than an indirect, remote, or tenuous effect on the motor carrier's prices, routes, or

7  services.'" *Indep. Towers of Wash. v. State of Wash.*, 350 F.3d 925, 930 (9th Cir. 2003) (citation

8  omitted).  Accordingly, under *Morales*, all state enforcement actions "having a connection with,

9  or reference to, airline 'rates, routes, or services' are pre-empted" by the ADA.  504 U.S. at 384.

10    **B.    The *Wolens* Exception Allows Only A Routine Breach Of Contract Claim.**

11    The Supreme Court addressed ADA preemption again in *American Airlines, Inc. v.*

12  *Wolens*, 513 U.S. 219 (1995), reaffirming the broad scope of preemption to hold that state law

13  claims challenging an airline's frequent flyer program under the Illinois Consumer Fraud and

14  Deceptive Business Practices Act were preempted by the ADA.  *Id.* at 223-24, 226-28, 234.

15  *Wolens* carved out one narrow exception to ADA preemption, for "routine" breach of contract

16  claims "alleging no violation of state-imposed obligations, but seeking recovery solely for the

17  airline's alleged breach of its own, self-imposed undertakings."  *Id.* at 228-29, 232 (internal

18  quotation marks omitted).  The Court recognized a "distinction between what the State dictates

19  and what the airline itself undertakes[, which] confines courts, in breach-of-contract actions, to

20  the parties' bargain, *with no enlargement or enhancement based on state laws or policies external*

21  *to the agreement*."  *Id.* at 233 (emphasis added).[5]

22    ─────────────

23    [5] At the same time, however, the Court recognized that "'[s]ome state-law principles of
contract law . . . might well be preempted to the extent they seek to effectuate the State's public
policies, rather than the intent of the parties.'"  *Wolens*, 513 U.S. at 233 n.8 (citation omitted); *see*

24  *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 n.8 (7th Cir.
1996) (breach of contract claims preempted if they "rely[] on principles of contract law that do

25  not 'seek to effectuate . . . the intent of the parties'") (citation omitted).  At this stage of the
litigation, it is unclear to what extent Plaintiff might seek to rely on "state laws or policies

26  external to the agreement" to support its contract claim.  *Wolens*, 513 U.S. at 233.  Accordingly,
UPS does not at this time challenge Plaintiff's breach of contract claim as preempted by the

27  FAAAA.  Assuming, however, that the breach of contract claim could somehow survive the
failure to allege compliance with contractual and statutory conditions precedent (which it cannot,

28

**C.    Plaintiff's Claims Fall Within The Scope Of FAAAA Preemption.**

As shown above, the FAAAA broadly preempts all state law claims that "relate to" a carrier's "prices" or "services."  Plaintiff's claims here do not merely have the prohibited "connection with, or reference to," UPS's prices or services.  *See Morales*, 504 U.S. at 384. Plaintiff's state law claims directly challenge UPS prices and services — specifically, UPS's "*service*, for an additional *fee*, of providing delivery confirmation."  (Compl. ¶ 14 (emphasis added).)

Indeed, the Complaint is replete with allegations challenging UPS's collection of this additional fee for its delivery confirmation signature service:

- Plaintiff purports to bring this case on behalf of businesses in California that "paid UPS a separate fee for obtaining the signature of the addressee to confirm delivery of packages." (*Id.* ¶¶ 2, 7.)

- Plaintiff alleges that UPS "has charged and continues to charge an additional fee over and above the cost of shipping" and that UPS "consistently charged Plaintiff for providing [delivery confirmation signature] service."  (*Id.* ¶¶ 16-17, 19, 43.)

- The Complaint alleges that UPS "failed to establish any system or procedure for assuring that addressee signatures would be obtained" when requested.  (*Id.* ¶¶ 20, 25-27.)

- Plaintiff further alleges that UPS has "retained [the additional] fee" even when UPS has allegedly failed to obtain the signature of addressees.  (*Id.* ¶ 19.)

- The Complaint alleges that as a result of these charges, UPS is liable to Plaintiff and the purported class for damages, including "the amounts paid by them for the service."  (*Id.* ¶¶ 32-33, 36, 45.)  Plaintiff also seeks restitution of "all fees paid for the service," injunctive relief, and attorneys' fees. (*Id.* ¶¶ 52-54, 63-69, & p. 15.)

*The connection to UPS's prices and services — and the corresponding application of the FAAAA — could not be any more clear or direct.*  Plaintiff's action makes express "reference to,"

---

as discussed below), any effort by Plaintiff to invoke state policies as part of that claim would be preempted and would be challenged at the appropriate time.

1   and has a "forbidden significant effect" on, UPS's prices.  The Complaint directly challenges

2   UPS's practices and manner of providing its delivery confirmation signature service.  Indeed,

3   Plaintiff seeks injunctive relief to dictate UPS's delivery services, and specifically to require "that

4   packages shipped on behalf of the Plaintiff and members of the Plaintiff class are personally

5   delivered to and received by the customer." (Compl. ¶ 69.)  Accordingly, Plaintiff's action

6   satisfies the test for preemption set forth in *Morales*, 504 U.S. at 388.  Plaintiff's claims —

7    directly based on UPS's prices and services — fall squarely within the scope of FAAAA

8   preemption.

9        **D.    Plaintiff's Claims And Requested Relief Relying On State Laws And Policies
            Are Preempted By The FAAAA.**

10       The Supreme Court held in *Wolens* that a claim related to a carrier's price, route, or

11  service can survive preemption only if it is a "routine" breach of contract claim confined "to the

12  parties' bargain, with no enlargement or enhancement based on state laws or policies external to

13  the agreement." *Wolens*, 513 U.S. at 232-33 (emphasis added).  Thus, the only claim that could

14  survive FAAAA preemption is a routine breach of contract claim.  Plaintiff's other claims, and its

15  requests for relief beyond compensatory damages available in a routine breach of contract claim,

16  are all preempted by the FAAAA.[6]

17

18       **1.    Plaintiff's Fraud And Negligent Misrepresentation Claims Are
            Preempted.**

19       Courts consistently hold that the FAAAA preempts tort claims such as fraud and negligent

20  misrepresentation claims where, as here, they relate to a carrier's prices or service.  *See, e.g., EIJ,*

21  *Inc. v. United Parcel Serv., Inc.*, No. CV 03-7301 CBM (JWJx), 2004 U.S. Dist. LEXIS 18481, at

22  *19-21 (C.D. Cal. Sep. 8, 2004) (state law claims for fraud, bad faith, and failure to deliver

23  freight are preempted by the FAAAA because claims "for the alleged nondelivery of shipments"

24  fall "squarely within UPS's services"); *Holmstrom v. United Parcel Serv., Inc.*, No. EDCV 02-

25  00683-VAP (SGLx), 2002 U.S. Dist. LEXIS 26617, at *5 (C.D. Cal. Sep. 18, 2002) (plaintiff's

26
27       [6] As discussed in Section III, *infra*, however, Plaintiff's breach of contract claim is
     defective on other grounds — namely, Plaintiff's failure to allege compliance with contractual
     and statutory conditions precedent.

28

1    claims, "whether sounding in negligence or some other form of tort such as fraud, are barred" by

2    the FAAAA); *In re EVIC Class Action Litig.*, No. M-21-84 (RMB), 2002 U.S. Dist. LEXIS

3    14049, at *34-36 & nn. 24-25 (S.D.N.Y. July 31, 2002) ("[S]tate causes of action [against UPS]

4    sounding in fraud and misrepresentation are preempted by the FAAAA."); *Rockwell v. United*

5    *Parcel Serv., Inc.*, No. 2:99-CV-57, 1999 U.S. Dist. LEXIS 22036, at *8 (D. Vt. July 7, 1999)

6    (state tort claims regarding UPS's intake and delivery protocol are preempted by the FAAAA

7    because "[t]ort claims regarding a carrier's shipment of packages 'would affect [its] provision of

8    air shipment services'" (citation omitted)); *Deerskin Trading Post, Inc. v. United Parcel Serv.,*

9    *Inc.*, 972 F. Supp. 665, 672 (N.D. Ga. 1997) (statutory fraud, common law fraud, negligence, and

10   other claims against UPS challenging pricing are preempted by the FAAAA because those claims

11   "impose state laws, standards, and policies external to any agreement between Plaintiff and

12   [UPS]"); *Vieria v. United Parcel Serv., Inc.,* No. C-95-04697 CAL ARB, 1996 U.S. Dist. LEXIS

13   11223, at *2-3 (N.D. Cal. Aug. 5, 1996) (state law claims for negligence and conversion

14   preempted by FAAAA).

15       In *In re EVIC*, plaintiffs asserted claims against defendants — including UPS — for

16   breach of contract, unfair competition, conversion, fraud, misrepresentation, and unjust

17   enrichment, and sought to represent a class of shippers who purchased excess value insurance

18   from UPS, alleging that they "relied on UPS's deceptive representations" to purchase the

19   insurance.  2002 U.S. Dist. LEXIS 14049, at *5, 15, 34.  The court found that excess value

20   insurance was "related to" UPS's prices and services.  *Id.* at *34.  It granted UPS's motion to

21   dismiss, holding that plaintiffs' "state causes of action sounding in fraud and misrepresentation"

22   were preempted by the FAAAA.  *Id.* at *35-36 & nn. 24-25.

23       Similarly, in this case, Plaintiff alleges that UPS made misrepresentations to induce

24   Plaintiff and the purported class "to pay extra sums for the services" of personal delivery and

25   recipient signature.  (Compl. ¶ 28.)  Plaintiff claims that it relied on UPS's alleged

26   misrepresentations and was damaged as a result.  (*Id.* ¶¶ 32, 36.)  As in *In re EVIC*, UPS's

27   delivery signature service clearly "relate[s] to" UPS's prices and services.  Plaintiff's claims are a

28   blatant attempt to use state tort law to hold UPS liable for prices it charged for service it provided.

1   This is exactly the type of claim that the FAAAA was intended to preclude.  Accordingly,

2   Plaintiff's First and Second Causes of Action — for common law and statutory fraud and

3   negligent misrepresentation — are preempted by the FAAAA as a matter of law.

### 2.   Plaintiff's Claims Under California's Unfair Competition Law And False Advertising Act Are Preempted.

In light of the mandate by Congress and the Supreme Court, courts also uniformly hold

that state law claims alleging deceptive trade practices or unfair competition are preempted under

the FAAAA and the ADA where, as here, they relate to a carrier's prices or services.  In *Wolens*,

the Supreme Court specifically held that state statutory claims for "[u]nfair methods of

competition and unfair or deceptive acts or practices" are preempted by the ADA.  *See Wolens*,

513 U.S. at 227 (Illinois Consumer Fraud and Deceptive Business Practices Act "is prescriptive;

it controls the primary conduct of those falling within its governance" and therefore is

preempted).

This Court similarly has held that the California Unfair Competition Law and California

Unfair Practices Act are preempted by the ADA.  *See Brownstein v. Am. Airlines*, No. C-05-3435

JCS, 2005 U.S. Dist. LEXIS 30295, at *19 (N.D. Cal. Nov. 7, 2005).  In *Brownstein*, the

plaintiffs sought to assert claims against an airline for violation of California's unfair competition

statutes, Cal. Bus. & Prof. Code § 17200, in addition to other claims, based on their allegation

that a large individual occupied a portion of their airline seats, and "American promised

something to the plaintiffs and took their money for what it promised; it then failed to deliver

what it promised." *Id.* at *18.  The Court held that the challenge related to both rates and service,

and plaintiffs' claims under state consumer protection statutes were thus preempted by the ADA.

*Id.*[7]

---

[7] Other courts similarly have held state consumer protection law claims to be preempted.
*See, e.g., W. Parcel Express*, 1996 U.S. Dist. LEXIS 18138, at *4-5 (claim under California
Unfair Practices Act as preempted by FAAAA); *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d
922, 931 (5th Cir. 1997) (claim under Texas Deceptive Trade Practice Act preempted by ADA);
*Statland v. Am. Airlines, Inc.*, 998 F.2d 539, 541 (7th Cir. 1993) (claim under Illinois Consumer
Fraud and Deceptive Practices Act preempted by ADA); *In re JetBlue Airways Corp. Privacy
Litig.*, 379 F. Supp. 2d 299, 315 (E.D.N.Y. 2005) (claim under California Unfair Business
Practices act preempted by ADA); *In re EVIC*, 2002 U.S. Dist. LEXIS 14049, at *34-35 (claims
under state unfair competition laws and consumer protection statutes preempted by FAAAA);

1   Here, Plaintiff alleges that "Plaintiff and members of the Plaintiff class paid UPS

2   additional fees for the purpose of obtaining automated confirmation of delivery with the

3   recipient's signature," and that UPS "failed to provide that service for approximately half of

4   orders for which it was requested. . . ." (Compl. ¶¶ 51, 62.)  As in *Brownstein,* Plaintiff's claims

5   under California's Business and Professions Code relate to UPS's rates, in that Plaintiff

6   challenges UPS's fees for the delivery signature service, and relate to UPS's service, in that

7   Plaintiff challenges UPS's failure to provide a service.  For the same reasons as in *Wolens* and

8   *Brownstein*, Plaintiff's Fourth and Fifth Causes of Action are therefore preempted.

9           **3.      Plaintiff's Demands For Equitable Relief, Punitive
                       Damages, And Attorneys' Fees Are Preempted.**
10

11          Plaintiff's demands for restitution, declaratory and injunctive relief, punitive damages, and

12   attorneys' fees also are preempted by the FAAAA.  (Compl. ¶¶ 52-53, 63-64, 65-69, & p. 15.)

13          In *Wolens*, as discussed above, the Supreme Court held that a claim related to a carrier's

14   price, route, or service can survive preemption only if it is a "routine" breach of contract claim

15   confined "to the parties' bargain, with no enlargement or enhancement based on state laws or

16   policies external to the agreement."  *Wolens*, 513 U.S. at 232-33.  *See also Brownstein*, 2005 U.S.

17   Dist. LEXIS 30295, at *17.  Courts have uniformly interpreted *Wolens* to limit the remedies

18   available to plaintiff to actual money damages for breach of contract, without further

19   enhancement such as equitable relief, punitive damages, or rescission.  *See Barber Auto*, 494 F.

20   Supp. 2d at 1294 (claims for injunctive relief and rescission of contract "preempted by the

21   FAAAA because [they] would constitute an enlargement or enhancement of the parties'

22   bargain"); *Deerskin,* 972 F. Supp. at 673 ("the extraordinary award of injunctive relief would

23   remove a contract claim from the realm of '*routine* breach of contract actions'," therefore,

24   equitable remedies preempted by the FAAAA ); *Carsten*, 1996 U.S. Dist. LEXIS 5798, at *12

25   (price discrimination claim preempted by the FAAAA because plaintiff's "requests for damages

26   *Carsten v. United Parcel Serv., Inc.*, No. CIV S-95-862 WBS/JFM, 1996 U.S. Dist. LEXIS 5798,
     at *11-14 (E.D. Cal. Mar. 20, 1996) (claims under California price discrimination statute
27   preempted by FAAAA); *Fitz-Gerald v. Skywest Airlines, Inc.,* 155 Cal. App. 4th 411, 423 (Cal.
     App. 2007) (claim under California Unfair Practices Act preempted by ADA).

28

1    and injunctive relief . . . are essentially requests that state law be applied to regulate and control

2    the prices that UPS may charge for its services"); *United Airlines, Inc. v. Mesa Airlines, Inc.*,

3    219 F.3d 605, 609-10 (7th Cir. 2000) (request for punitive damages preempted; "[w]here a claim

4    "is not . . . a request to enforce the parties' bargains" but is instead "a plea for the court to replace

5    those bargains with something else," it is preempted).

6         In a routine breach of contract action in California, remedies are limited to compensatory

7    damages, that is, the amount that "will compensate the party aggrieved for all the detriment

8    proximately caused [by the breach], or which, in the ordinary course of things, would be likely to

9    result [from such breach]."  Cal. Civ. Code § 3300.

10        In contrast, Plaintiff's request here for equitable relief, including preliminary and

11   permanent injunctive relief, declaratory relief, and an order of restitution, clearly seek an

12   "enlargement or enhancement" of UPS's contractual obligations based on state laws "external to

13   the agreement," and is therefore outside the scope of the *Wolens* exception.  Similarly, Plaintiff's

14   demands for attorneys' fees and punitive damages (Compl. ¶¶ 33, 54, 64, & p. 15) are preempted

15   by the FAAAA, because they are not awarded in routine breach of contract actions but, rather, are

16   "the result of California common law."  *Power Standards Lab, Inc. v. Fed. Express Corp.*,

17   127 Cal. App. 4th 1039, 1046-47 (2005) (claims for punitive damages and attorneys' fees

18   preempted by the ADA; punitive damages "are *never* recoverable in routine breach of contract

19   cases" (internal quotation marks and citation omitted)), *cert. denied*, 546 U.S. 1171 (2006).  *See

20   also Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 61 (1999) ("In the absence of an

21   independent tort, punitive damages may not be awarded for breach of contract 'even where the

22   defendant's conduct in breaching the contract was wilful [sic], fraudulent, or malicious.'"

23   (citation omitted)).

24        Thus, federal law preempts Plaintiff's prayer for relief beyond compensatory damages on

25   a breach of contract claim (*see* Compl. at p. 15, ¶¶ 3, 10).  Any other relief sought by Plaintiffs is

26   not recoverable as a matter of law.

27

28

1

## II.    PLAINTIFF'S CLAIMS ACCRUING PRIOR TO JANUARY 27, 2006 ARE TIME-BARRED AS A MATTER OF LAW.

2

3          Plaintiff seeks to recover for alleged overcharges over a four-year period, but it did not

4    file this action until July 27, 2007.  *See e.g.,* Compl. ¶¶ 15, 19 (alleging UPS charged and

5    collected from Plaintiff the additional fee for each package that was delivered without a signature

6    during a period of four years prior to filing of complaint.)  Any claims accruing before

7    January 27, 2006 — 18 months before the action was filed — are time barred and should be

8    dismissed.

9          The plain language of 49 U.S.C. § 14705(b) bars any civil action to recover overcharges if

10   not commenced within 18 months after the claim accrues.  *See* 49 U.S.C. § 14705(b) (a shipper

11   "must begin a civil action to recover overcharges [against a carrier] within 18 months after the

12   claim accrues").  According to the statute, a claim accrues upon delivery or tender of delivery by

13   the carrier.  *See* 49 U.S.C. § 14705(g).  Thus, courts routinely dismiss overcharge claims when

14   they are filed more than 18 months after the claim accrues.

15         Recently, the Ninth Circuit confirmed that § 14705 bars breach of contract claims to

16   recover transportation charges that accrued prior to the 18-month limitations period.  *See Emmert*,

17   497 F.3d at 989-90.  In *Emmert*, the plaintiff filed an action to recover unpaid transportation

18   charges, and the district court dismissed the claims as time-barred under the 18-month limitations

19   period of § 14705(a), the reciprocal 18-month limitations period applicable to claims by carriers

20   to recover unpaid shipping charges.  *Id.* at 985.  The Ninth Circuit affirmed the decision of the

21   district court, concluding that "nothing in the text or context of § 14705(a) indicates that the

22   eighteen-month limitations period is restricted to claims seeking charges under a filed tariff, or

23   even to claims arising under federal law."  *Id.* at 988.  Accordingly, the court held:

24              [Plaintiff's] eighteen-month window within which to seek relief had
25              long since closed when it filed its complaint in June 2003, and
                § 14705(a) necessarily preempts any state law providing for a
26              longer limitations period. . . . We hold that Emmert's first two
                claims are time-barred under 49 U.S.C. § 14705(a) . . . .

*Id.* at 989-90.

27

28

1     Similarly, in *Barber Auto*, a class of shippers sued UPS for breach of contract, alleging

2  that UPS overcharged them for shipments based on incorrect package dimensions. *Barber Auto*,

3  494 F. Supp. 2d at 1291-92.  UPS moved for judgment on the pleadings, arguing that the

4  plaintiff's state-law claim for breach of contract was time-barred under § 14705(b) to the extent

5  that it was based on packages delivered more than 18 months before the lawsuit was filed. *Id.* at

6  1294-95.  The court agreed and granted UPS's motion for judgment on the pleadings:

7  
> The plain language of § 14705(b) states that, with respect to claims
> for overcharges brought against carriers, the individual must begin

8  
> any civil action within 18 months after the claim accrues. . . .
> Accordingly, the court finds that the 18 month limitations period set

9  
> out in § 14705(b) applies to [plaintiff's] state-law breach of contract
> claim.

10  

11  *Id.* at 1295.

12     These decisions follow a long line of precedent, including from the Supreme Court, in

13  which the courts applied the 18-month bar of § 14705 and its predecessor statute to claims falling

14  outside this time limit.  *See, e.g., Kansas City S. Ry. Co. v. Wolf,* 261 U.S. 133, 139-40 (1923)

15  (dismissing civil suit for overcharge as barred by statute of limitations in predecessor statute to

16  § 14705); *In re Apex Express Corp.,* 190 F.3d 624, 642 (4th Cir. 1999) (applying § 14705's

17  predecessor statute to carrier's civil suit against shipper for unpaid freight charges); *Arctic*

18  *Express, Inc. v. Del Monte Fresh Produce NA, Inc.*, No. C2-06-435, 2007 U.S. Dist. LEXIS

19  23801, at *16-18 (S.D. Ohio Mar. 30, 2007) (holding that the 18-month statute of limitations in

20  § 14705 applied to a motor carrier's state-law claims seeking recovery against a shipper for

21  unpaid freight charges); *CGH Transport, Inc. v. Quebecor World Logistics, Inc.*, No. 05-209-

22  JBC, 2006 U.S. Dist. LEXIS 22657, at *3-6 (E.D. Ky. Apr. 24, 2006) (rejecting contention that

23  § 14705's 18-month statute of limitations did not apply to state law claims); *see also Carolina*

24  *Traffic Servs. of Gastonia, Inc. – Pet. for Declaratory Order* ("*CTS*"), No. 41689, 1996 STB

25  LEXIS 189, at *6-7 & n.7 (STB June 7, 1996) (describing § 14705 and its predecessor statute as

26  the "applicable statute of limitations" for civil suits brought by shippers to recover overcharges);

27  *Nat'l Ass'n of Freight Transp. Consultants, Inc. – Pet. for Declaratory Order*, No. 41826, 1997

28

STB LEXIS 80, at *2, *18 (STB Apr. 21, 1997) ("*NAFTC*") (describing § 14705 as the "statute of limitations on court actions for overcharges").[8]

Here, Plaintiff's claims are similarly barred to the extent Plaintiff seeks to recover for any alleged overcharges outside of the limitations period. Any claims related to a delivery prior to January 27, 2006, therefore, should be dismissed with prejudice, as a matter of law.

## III.  PLAINTIFF'S FAILURE TO ALLEGE THAT IT NOTIFIED UPS OF DISPUTED INVOICES BARS ANY REMAINING CLAIMS.

As to any remaining claims that are not barred by the statute of limitations, they are subject to dismissal to the extent Plaintiff failed to satisfy its contractual and legal precedents to recovery by giving timely notice.

### A.    Plaintiff Failed To Allege Satisfaction Of A Contractual Condition Precedent To Recovery.

Plaintiff's failure to satisfy an express contractual condition precedent to recovery warrants dismissal of its claims. The UPS Shipping Contract expressly requires shippers to notify UPS of any disputed shipping charges within 180 days of receiving the invoice. (*See, e.g,* Ex. A at 3.) If the shipper fails to give this notice, its billing dispute is waived. (*Id.* at 3 ("Shippers requesting an invoice adjustment . . . must notify UPS of the request within 180 days of receiving the contested invoice, *or any billing dispute is waived.*" (emphasis added).)

Shippers also must plead on the face of any complaint satisfaction and compliance with the notice requirement, or the claim is extinguished. (*See, e.g.,* Ex. A at 4 ("All claims against UPS arising from or related to the provision of services by UPS . . . shall be extinguished unless the shipper . . . pleads on the face of any complaint filed against UPS satisfaction and compliance

---

[8] Although a judge in the Southern District of New York issued two orders in a single case holding for different and contradictory reasons that §14705(b)'s statute of limitations did not apply to state law claims, the decisions stand alone and were wrongly decided. *Learning Links, Inc. v. UPS of Am., Inc.*, No. 03-7902 (DAB), 2006 U.S. Dist LEXIS 13574 (S.D.N.Y. Mar. 27, 2006) and *Learning Links v. UPS of Am., Inc.*, No. 03-7902, 2006 U.S. Dist. LEXIS 60542 (S.D.N.Y. Aug. 24, 2006). The Ninth Circuit's decision in *Emmert* repudiates the reasoning of the *Learning Links'* decisions. *See Emmert*, 497 F.3d at 988 ("Simply, nothing in the text or context of § 14705(a) indicates that the eighteen-month limitations period is restricted to claims seeking charges under a filed tariff, or even to claims arising under federal law."). *Learning Links* also was expressly rejected in a recent published decision in the Northern District of Alabama. *See Barber Auto*, 494 F. Supp. 2d at 1295.

1    with those notice and claims periods as a contractual condition precedent to recovery.").)

2    Rule 9(c) of the Federal Rules of Civil Procedure similarly requires the pleading of satisfaction of

3    conditions precedent, and the failure to do so warrants dismissal. Fed. R. Civ. P. 9(c) (a party

4    should "aver generally that all conditions precedent have been performed or have occurred").

5         *Plaintiff's Complaint contains no allegations of having complied with the contract's*

6    *notice requirements.  Plaintiff's claims, therefore, are barred under the very contracts on which it*

7    *seeks to proceed.*

8         The plaintiff in *Barber Auto*, just as the Plaintiff here, asserted a claim for breach of

9    contract based on UPS's allegedly improper assessment of shipping charges. *Barber Auto*, 494 F.

10   Supp. 2d at 1292.  In *Barber Auto*, the court dismissed the plaintiff's breach of contract claim

11   with respect to any alleged breaches for which the plaintiff did not provide notice to UPS of the

12   disputed charges within 180 days of receiving the invoice. *Id.* at 1295-96.  Citing prior cases

13   holding similarly, the court ruled:

14            Barber does not dispute that contractual conditions precedent such
              as the 180-day notice provision can be enforced by the court, and
15            other courts have enforced such provisions. *See Williams v.
              Federal Express Corp.*, [No. 99-06252, 1999 U.S. Dist. LEXIS
16            22758 (C.D. Cal. Oct. 6, 1999)] (holding that Federal Express was
              entitled to a judgment as a matter of law on plaintiff's breach of
17            contract claim because of the plaintiff's failure to comply with the
              contractual notice provision); *Reliance Ins. Co. v. Federal Express
18            Corp.*, No. 84-6498, 1985 WL 2241, *3 (S.D.N.Y. Aug. 1, 1985)
              (dismissing plaintiffs' claims for failure to comply with contractual
19            notice requirement).

20   *Id.* The *Barber Auto* court therefore granted UPS's motion for judgment on the pleadings,

21   holding that because the plaintiff did not give the requisite notice, its claims were barred for

22   failure to meet a contractual condition precedent to recovery. *Id.* at 1296.

23        Courts in the Ninth Circuit similarly enforce contractual conditions precedent to recovery.

24   *See, e.g., Taisho Marine & Fire Ins. Co., Ltd. v. The Vessel "Gladiolus"*, 762 F.2d 1364, 1368

25   (9th Cir. 1985) (affirming dismissal of plaintiff's action because plaintiff failed to provide timely

26   written notice of claim as required by the bill of lading); *Williams*, 1999 U.S. Dist. LEXIS 22758,

27   at *3 (granting defendant's motion for judgment on the pleadings on plaintiff's breach of contract

28   claim because plaintiff failed to comply with the contractual notice provision).

1    Plaintiff seeks to enforce the terms of its contract with UPS, but Plaintiff's failure to

2    comply with the terms of that contract — by failing to give UPS notice of its dispute within 180

3    days of receipt of each disputed invoice and by failing to plead such notice — bars its claims

4    under that contract. *See Barber Auto*, 494 F. Supp. 2d at 1295-96.

5    **B.    Plaintiff Failed To Satisfy A Statutory Condition Precedent To Recovery.**

6    The 180-day notice requirement bar is neither unfair to Plaintiff nor unique to UPS.

7    Federal law similarly imposes a 180-day notice requirement as a precondition to bringing suit for

8    any billing dispute:

9    > If a shipper seeks to contest the charges originally billed or
> additional charges subsequently billed, the shipper may request that
10   > the [Surface Transportation] Board determine whether the charges
> billed must be paid. *A shipper must contest the original bill or*
11   > *subsequent bill within 180 days of receipt of the bill in order to*
> *have the right to contest such charges.*

12

13   49 U.S.C. § 13710(a)(3)(B) (emphasis added).  The 180-day notice requirement serves to

14   "facilitate resolution of carrier billing problems" without resort to the courts. *Nat'l Ass'n of*

15   *Freight Transp. Consultants, Inc. – Pet. for Declaratory Order* ("*NAFTC*"), No. 41826, 1997

16   STB LEXIS 80, at *4 n.2 (STB Apr. 21, 1997).

17   Section 13710(a)(3)(B)'s plain language "conditions a shipper's right to challenge a bill

18   on its contesting it within the prescribed time period, without limitation as to the nature of the

19   claim." *Id*. at *13.  This notice, which must be in writing, *id*. at *16, is a *prerequisite to filing*

20   *suit. See CTS*, 1996 STB LEXIS 189, at *7-8 ("[P]roviding notice to the other party within the

21   statute's 180-day period is a *precondition for pursuing a claim*, whether the moving party chooses

22   to pursue that claim initially at the Board or *in court*.") (emphasis added).  Thus, a shipper "loses

23   any right to contest charges (whether before the [Surface Transportation] Board, in court, or both)

24   if it does not notify the carrier of its disagreement within 180 days of receiving the disputed bill,

25   as required by section 13710(a)(3)(B)." *Id.* at *9.

26   Accordingly, a plaintiff "must include, as a basic allegation in its complaint, the fact that it

27   contested the charge within 180 days after it received the bill." *NAFTC*, 1997 STB LEXIS 80,

28   at *18; *see also Philips Elecs. N. Am. Corp. – Pet. for Declaratory Order,* No. 42013, 2000 STB

1    LEXIS 253, at *20 (STB May 5, 2000) (dismissing carrier's claims for additional charges

2    because carrier failed to comply with the 180-day rule).  Because Plaintiff does not allege that it

3    complied with the statutory notice requirement, its breach of contract claim fails for this reason

4    also.

5                                          **CONCLUSION**

6         UPS is entitled to judgment as a matter of law on the grounds that Plaintiff's claims are

7    preempted by the FAAAA, barred by the 18-month statute of limitations that federal law imposes

8    on claims against package carriers for alleged overcharges, and barred by Plaintiff's failure to

9    fulfill or allege contractual and statutory conditions precedent to recovery.  Accordingly, UPS

10   respectfully requests this Court to enter judgment in its favor as a matter of law.

11   Dated: November 9, 2007                PAUL T. FRIEDMAN
                                            ANNEMARIE C. O'SHEA
12                                          SARA MAHDAVI
                                            MORRISON & FOERSTER LLP
13

14

15                                    By:  /s/ Paul T. Friedman
                                          Paul T. Friedman
16
                                          Attorneys for Defendant
17                                        UNITED PARCEL SERVICE, INC.

18

19

20

21

22

23

24

25

26

27

28