JAMES C. STURDEVANT (SBN 94551)
(jsturdevant@sturdevantlaw.com)
MARK T. JOHNSON (SBN 76904)
(mjohnson@sturdevantlaw.com)
ALEXIUS MARKWALDER (SBN 227004)
(amarkwalader@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
475 Sansome Street, Suite 1750
San Francisco, CA 94111
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

RANDALL P. CHOY (SBN 83194)
(rchoy@hedanichoy.com)
HEDANI, CHOY, SPALDING & SALVAGIONE, LLP
595 Market Street, Ste. 1100
San Francisco, CA 94105
Telephone: (415) 778-0800
Facsimile: (415) 778-0700

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEROES CLUB, INC., a California Corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>UNITED PARCEL SERVICE, INC., and DOES 1-50,<br><br>             Defendants. | **CASE NO.   CV 07-04422-JCS**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OBJECTIONS TO, AND REQUEST FOR EXCLUSION OF, MATTERS OUTSIDE THE PLEADINGS SUBMITTED BY DEFENDANT UNITED PARCEL SERVICE IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:           February 8, 2008<br>Time:          9:30 am<br>Courtroom:  A, 15th Floor<br><br>Complaint filed: July 27, 2007<br>Trial date: None set |

Plaintiff Heroes Club hereby objects, on the grounds stated below, to the evidence which Defendant UPS has offered in support of its Motion for Judgment on the Pleadings in the form of Exhibits A through E attached to the declaration of Defendant's counsel, Annmarie C. O'Shea. Such documents purport to be UPS rate and service guides and UPS tariffs for various time periods. For the reasons stated below, and such other objections as may be made at the hearing of the motion, plaintiff requests that the Court exclude such extraneous matter and not consider such evidence, or any part of it, in ruling on the motion for judgment on the pleadings.

**<u>The Exhibits to the O'shea Declaration Should be Excluded Because A Motion for Judgment on the Pleadings Must be Based Exclusively on the Pleadings, Without Reference to Extrinsic Evidence.</u>**

A complaint is not subject to a motion to dismiss under Federal Rules of Civil Procedure, rule 12(c) for failure to state a claim on which relief can be granted unless the defect appears on face of complaint. Thus, it is improper for a court to consider material outside the complaint in ruling on such a motion. *Hal Roach Studios, Inc. v Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1989); *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150., AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

Here, UPS's motion to dismiss relies, in part, on the extraneous documents it attaches as Exhibits A through E to the O'Shea Declaration. These documents purport to be UPS rate schedules and tariffs which UPS relies upon for the argument that plaintiff failed to satisfy a contractual condition precedent to recovery. (Def.'s MPA at 4-5.) None of these documents are attached to or even mentioned in the Complaint filed in this action. Nor are they relied upon by plaintiff in asserting its claims for relief in this action. To the contrary, plaintiff's Complaint relies exclusively on the contractual shipping records provided to plaintiff by UPS. Each time plaintiff's principal or employee completes a shipping record and provides it to UPS with a package to be shipped to a customer, he or she has the option of checking a box on the completed shipping record requesting that the customer's signature be obtained for an additional charge. Each time UPS accepts a package from plaintiff with the shipping record completed in that manner, it agrees to obtain the signature of the recipient as a means of confirming delivery

1  of the package

2       By presenting the Court with these extraneous documents, UPS has introduced new and
3  extraneous evidence for the very purpose of establishing an alleged fact beyond those stated in
4  the Complaint.  That alleged fact, that plaintiff somehow agreed to limitations on his right to
5  pursue his claims in this action, is an affirmative defense which does not appear on the face of
6  the Complaint and which, therefore, cannot be resolved on this Rule 12(c) motion.  Accordingly,
7  UPS's motion should be denied to the extent that it improperly relies on facts outside the
8  Complaint.  *See, e.g., Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (reversing, in part, an
9  order granting a Rule 12(b)(6) motion to dismiss on the basis that it improperly considered
10 extrinsic evidence).

11 **The Exhibits to the O'shea Declaration Lack Authentication or Other Foundation**

12      Even if the Court were inclined to consider extraneous evidence in support of UPS's
13 motion for judgment on the pleadings, Exhibits A through E are not admissible because they are
14 not authenticated and there is no foundation or any evidence that they are what they purport to
15 be. Fed. R. Evid. 901(a).  Each exhibit in question is simply attached to the declaration of
16 counsel for UPS in this case, Annemarie C. O'Shea, without further explanation.  Although
17 counsel states in her declaration that each exhibit is a true and correct copy of what it purports to
18 be, there is no evidence other than her conclusory statement to that effect, that she has personal
19 knowledge of that fact.  She does not state, for example, that she prepared or filed the
20 documents.  Nor does she identify the origin of the attached documents or the location of the
21 originals.  Nor is there any evidence, such as a public seal or certification by the official
22 custodian of records, that would permit these documents to qualify for self-authentication under
23 Federal Rules of Evidence, rule 902.

24      Should this Court consider the submitted extraneous evidence on the motion for
25 judgment on the pleadings it must do so by converting the motion to a motion for summary
26 judgment and disposing of it as provided in Federal Rules of Civil Procedure, rule 56.  *Hal*
27 *Roach Studios*, 896 F.2d at 1550.  Accordingly, such evidence must be admissible under Rule
28

56(e) (". . .affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith . . ."); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) ("[w]e have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment"); *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994) ("documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment") (internal quotations and citation omitted).  Therefore, neither the Declaration of Annemarie C. O'Shea nor the documents attached to the declaration should be considered in ruling on UPS's motion.

## CONCLUSION

For the reasons stated above, plaintiff urges the Court to exclude from consideration on Defendant's Motion for Judgment on the Pleadings the Declaration of Annemarie C. O'Shea and Exhibits A through E attached thereto.

Date: November 30, 2007               Respectfully submitted,

                                      THE STURDEVANT LAW FIRM
                                      A Professional Corporation

                                      HEDANI, CHOY, SPALDING
                                        & SALVAGIONE, LLP


                                      By:  /s/   Mark T. Johnson
                                           MARK T. JOHNSON
                                           Attorneys for Plaintiffs